Tho Ohio and Mississippi Railway Company *v.* Judy.

No. 13,921.

THE OHIO AND MISSISSIPPI RAILWAY COMPANY *v.* JUDY.

PRACTICE.—*Motion to Strike Out Parts of Depositions.*—*Cause for New Trial.*—*Supreme Court.*—A ruling on a motion to strike out parts of depositions must be assigned as cause for a new trial in order to present any question on appeal.

DAMAGES.—*Excessive Recovery.*—*Supreme Court.*—The Supreme Court will not reverse a judgment on the ground of excessive damages unless the amount allowed appears at first blush to be outrageous and excessive.

SAME.—*Railroad.*—*Unlawful Expulsion of Passenger.*—*Non-Excessive Damages.*—The amount of five thousand five hundred dollars is not excessive damages for injuries sustained by a passenger by falling over a truck at a railroad depot, after his unlawful expulsion from a train, where the evidence shows that the passenger was an active business man, capable of earning from one hundred and fifty dollars to more than two hundred dollars per month, and that at the time of the trial he was deprived of the use of one arm, with a strong probability that the injury would be permanent.

SAME.—*Jury not Required to Itemize Damages.*—In an action for damages resulting from being unlawfully ejected from a train, the jury can not properly be required to itemize, and assess a separate amount for, each element entering into and making up the gross sum allowed, and in determining whether the damages are excessive only the gross sum will be considered.

From the Sullivan Circuit Court.

*W. H. De Wolf, S. N. Chambers* and *E. H. De Wolf,* for appellant.

*W. A. Cullop, G. W. Shaw* and *J. S. Pritchett,* for appellee.

OLDS, J.—This is an action by the appellee against the appellant to recover damages.

The complaint charges that the plaintiff was a stock dealer, and on the 1st day of December, 1886, he shipped on the defendant's road a car of stock at Sumner, Illinois, consigned to Cincinnati, Ohio, and received from the agent of the defendant a shipping bill, which entitled him to free transportation over the defendant's road to Cincinnati, to take care

of his stock; that at Washington, Indiana, he was forcibly ejected from the train in the night-time, some distance from the depot, and in walking along the platform of the depot he fell upon a truck, and sustained serious injuries, greatly bruising, tearing, and lacerating his legs, arms, and body, whereby his right arm and shoulder are permanently disabled; that he has suffered, and will continue to suffer, greatly both in body and in mind.

The action was commenced in the Knox Circuit Court, and by change of venue sent to the Sullivan Circuit Court, where a trial was had, resulting in a verdict for the plaintiff for five thousand five hundred dollars.

The defendant filed a motion for a new trial, which was overruled, and exceptions taken, and judgment rendered for the plaintiff on the verdict.

The appellant assigns as error the overruling of a motion to strike out questions and answers in depositions. The ruling of the court on the motion to strike out questions and answers in the depositions was not assigned as a cause for a new trial, and the question is not properly before this court for a review of the ruling of the trial court. *Jeffersonville, etc., R. R. Co.* v. *Riley*, 39 Ind. 568; *National Bank and Loan Co.* v. *Dunn*, 106 Ind. 110; *Hatton* v. *Jones*, 78 Ind. 466.

There is but one other question discussed by counsel in their brief, and that is as to the amount of damages assessed. It is claimed that the damages are excessive, and that the verdict ought to be set aside and a new trial granted.

This question is properly presented in the motion for a new trial.

The appellate court will not reverse a case on the ground of excessive damages unless they appear at first blush to be outrageous and excessive. *Town of Westerville* v. *Freeman*, 66 Ind. 255; *Carthage Turnpike Co.* v. *Andrews*, 102 Ind. 138.

There was evidence in this case tending to prove that the

appellee was a stock dealer in Sumner, Illinois ; that in addition to being engaged as a stock dealer he was also engaged in farming, livery, and other business, having partners in some of the various kinds of business in which he was engaged ; that he shipped a car-load of stock from Sumner, Illinois, to Cincinnati, Ohio, and received a bill of lading, or contract of shipment, entitling him to ride upon the freight train carrying the car of stock ; that he boarded the train ; the first conductor in charge of the train recognized his right to ride upon the train, and punched the contract in the usual way of punching tickets, and carried him to Vincennes, Indiana. At that point another conductor took charge of the train, and refused to recognize the right of the appellee to ride by virtue of the contract, and ordered him off the train, ordering him to get off the train or pay his fare, and refused to carry him further than Washington, Indiana, unless he paid his fare. The appellee did not have a sufficient amount of money with him to pay his fare to Cincinnati, and at Washington the train stopped with the car in which appellee was riding seventy-five or one hundred rods from the depot, and in pursuance to the orders of the conductor the appellee got off the car, and it was very dark, and in going to the depot ran against a truck on the platform, and injured himself ; that the appellee was before that time crippled in the left arm, and that he fell when he ran against the truck and injured his right shoulder and right arm. This occurred in December, 1886, and he was unable to use his arm or do any manual labor up to the time of the trial, in April, 1887, and that he could not put his hand in his pocket or pull his coat off, and had not done so since the injury by reason of such injury to his said arm and shoulder, nor could he drive about to attend to his business or write letters ; that his knee was bruised and was bleeding when he got to a light at the depot, but he suffered no lasting injury from the knee, it soon healed ; that he suffered severely from the injury to his right arm and shoulder for a considerable length of time.

The evidence of the witnesses, some of whom are physicians, tends pretty clearly to show that the injury is a permanent one. The appellee is about fifty-one years of age, and there was evidence to show that his services were valuable and worth from one hundred and fifty to upwards of two hundred dollars per month.

· We can not say that the damages assessed appear at first blush to be outrageous or excessive. The trial occurred some four months after the injury, and the appellee could not then use his arm.

It is very clear from the evidence that the appellee will suffer from the injury and be deprived of the use of his arm for a considerable length of time at least, and a very strong probability that the injury is a permanent one, which will deprive him of the proper use of his arm during his whole life, and cause him some suffering.

There is some evidence showing that the appellee used intoxicating liquors, but not to excess ; also, that he was not confined to his house constantly but a few days, and that he had his arm and shoulder bandaged, and walked about, being more comfortable by doing so than while remaining in the house.

It is evident that the jury were of the opinion that the use of intoxicants and the moving about did not aggravate the injury or retard it from healing.

Interrogatories were submitted for the jury to answer, and it is urged that they answered that they did not know whether the injury was a permanent one or not. This is a fact the jury might have been required to answer definitely, and as they did not we can not give any consideration to the answer, but are compelled to look to the evidence, as we have, in determining the extent of the injury and its permanency.

Interrogatories were also submitted requiring the jury to itemize the damages allowed, stating how much they allowed for humiliation and mortification, how much for mental suffering, how much for physicial suffering, and so on, with the

different items for which damages are assessable, and answers were made to these interrogatories.

This was not proper practice. Damages were assessable for all the injuries sustained, and the jury can not be required to itemize and assess a separate amount for each element entering into and making up the gross sum allowed. As well it might be required of the plaintiff in his complaint to set forth the particulars of his claim for damages, alleging what amount of damage he sustained by reason of mental suffering, and what on account of physicial suffering. This certainly could not be required in a pleading, neither can it be required of a jury to assess the damage for each separately in a case of tort. A rule may be applicable in actions on contracts and not in actions for tort. In an action on an account a bill of particulars may be required, but not in an action for damages for an assault and battery. We can not, therefore, consider the separate items stated by the jury in their answers to interrogatories, but must determine whether the gross sum assessed in the general verdict is excessive.

The judgment should not be reversed by reason of the damages assessed being excessive.

Judgment affirmed, with costs.

Filed Oct. 18, 1889.