Petree *v.* Fielder.

Filed Nov. 13, 1891.

No. 314.

PETREE *v.* FIELDER.

BILL OF EXCEPTIONS.—*Evidence not Properly in the Record.*—Where it is
not shown in any way that the official reporter made a long-hand man-
uscript of a *verbatim* report of the evidence, and the judge before whom the
trial was had does not certify as to the evidence alleged to be incorpo-
rated in the bill of exceptions that "this was all the evidence given in
said cause," the evidence is not properly in the record.

PRACTICE.—*Pleading.*—*Evidentiary Matter.*—*Motion to Strike Out.*—It is not
error to strike out evidentiary matter from a pleading. It is mere sur-
plusage.

From the Bartholomew Circuit Court.

*W. F. Norton,* for appellant.

*M. Hacker* and *C. F. Remy,* for appellee.

ROBINSON, J.—The appellee commenced this action against
appellant on a note, which reads as follows:

"December 20, 1870.

"Twelve months after date I. the subscriber of this note,
county of Bartholomew and State of Indiana, promise to pay
to the order of Squire Fielder the sum of one hundred dol-
lars, with interest at ten per cent. per annum, value received
without any relief from value or appraisement laws.

"PRYOR M. PETREE."

The complaint alleged that on the 20th of December, 1870,
appellant, by his promissory note, a copy of which was filed
therewith marked "Exhibit A," and made a part thereof,

promised to pay the appellee $100 twelve months after the date thereof, without relief from valuation or appraisement laws, with ten per cent. interest per annum ; that said note was due, and no part thereof had been paid. Wherefore demand for judgment, etc.

Appellant demurred to the complaint for want of facts, which was overruled, and exception taken.

The appellant then answered in three paragraphs:

1. General denial.

2. Payment.

3. Which admitted the execution of the note sued on, but alleged that on or about the 10th day of September, 1872, thereafter, plaintiff then was a minor, without any other guardian than his mother, Minerva Irwin, who looked after said minor's interest ; that appellant was indebted to said Minerva Irwin in the sum of $200 ; that on said 10th of September, 1872, while appellant was indebted as aforesaid, it was then and there agreed between appellee, appellant and appellant's mother, to purchase of one David Leighton, who then owned the same, the real estate therein described for the consideration of $600, which was a reasonable price for said real estate, and to have the same conveyed by deed to the appellee, which was so conveyed by warranty deed in pursuance of said agreement ; that as a part of said agreement appellant paid as a part of the consideration for said real estate the money appellant then owed appellee's mother, Minerva Irwin, and the sum and amount then due on the note in suit, making in all so then paid $300 of said purchase-money for said real estate ; that the residue, $300 of said purchase-money was paid as follows: On September 18th, 1872, about the time of the execution of said deed, and as a part of said transaction and of purchase and agreement, the said Minerva Irwin, with the appellant as surety, executed her note for the $300 due in one hundred and fifteen days, with ten per cent. interest, payable to the order of one Valentine Hartman, and the money so borrowed was used and

Petree *v.* Fielder.

paid as and for the residue of the purchase-money for said real estate conveyed as aforesaid to the appellee; that appellee, at the time and ever since, assented to and knew of the facts hereinbefore alleged; that thereafter, and after the maturity of said note executed as aforesaid to said Hartman, the said Minerva Irwin failing to pay the same, appellant, as surety thereon, was compelled to and did with his own money pay off said note to said Hartman in full; that after the execution of said deed and the payment of said first $300 on the purchase-price of said real estate by the appellant as aforesaid, appellant frequently demanded of said Minerva Irwin and appellee, and each of them, the surrender of said note in suit; that when he would make said demand on said Minerva Irwin for said note she would say her son (the appellee) had said note, and when appellant would make like demand of the appellee, he would allege his mother had the note, and in this way prevented the surrender to the appellant of the note in *suit;* that thereafter and upon the execution of said deed as aforesaid, appellee took full and complete possession of said real estate, and ever since the execution of said deed, and continuously since he arrived at the age of twenty-one years, on the 4th day of November, 1876, has owned, managed, leased, paid the taxes thereon, occupied and enjoyed the rents, profits and benefits of said real estate, and now owns, manages and controls said real estate; that the appellant furnished and paid out of his own money at the times as aforesaid, on the original purchase-price, to wit, $600, of said real estate so conveyed to appellee, etc., all he owed to the appellee on the note in suit, in addition to the $300 and interest he paid said Hartman, in all the sum of $450, and no part of which sums so paid by appellant have at any time been paid back to the appellant by Minerva Irwin, the appellee, or either of them, but the same remains wholly unpaid; that appellee, on and after his said majority, by his acts, well knowing all of the above facts, fully rati-

fied and endorsed said agreement as aforesaid for the purchase of said real estate, the payment and manner of payment as aforesaid, etc. Wherefore appellant asked that said note be cancelled, declared paid, etc.

Appellee moved to strike out parts of the third paragraph of the answer, which motion was sustained as to parts of said answer and overruled as to part, to which ruling exception was taken by the appellee, and a demurrer was also filed to said answer, which was overruled.

Appellee replied in two paragraphs. A demurrer was sustained to the second, the first was a general denial.

The cause was tried by a jury, resulting in a verdict for the appellee. Judgment was rendered on the verdict over a motion for a new trial.

Before considering the assignment of errors as discussed by the appellant, and for the purpose of ascertaining what questions are saved in the record, we will determine the point made by the appellee that the evidence on the trial of the cause is not properly in the record.

Section 1410, R. S. 1881, provides: "Whenever, in any cause, such *verbatim* report shall have been made by an official reporter, the original long-hand manuscript of the evidence, by him made, may be filed with the clerk of the court by the party entitled to the use of the same," etc.

The record no where shows, nor do the certificates of the official reporter or the clerk of the court show that the reporter made a long-hand manuscript of a *verbatim* report of the evidence.

The reporter certifies that it is a "complete, true and correct transcript of the stenographic notes of the evidence taken in the trial of the above entitled cause." The clerk certifies that the transcript, among other things, contains the defendant's bill of exceptions and the official long-hand report of the evidence.

The judge, before whom the trial was had, does not certify as to the evidence alleged to be incorporated in the bill

of exceptions that "this was all the evidence given in said cause." At the end of the reporter's alleged long-hand manuscript of the evidence, and as a part of said long-hand manuscript, the reporter says: "And that is all the evidence," which expression is not equivalent to saying, "this was all the evidence given in said cause."

The judge nowhere says, as to the alleged long-hand manuscript of the evidence, that "this was all the evidence given in said cause."

It follows from these considerations that the evidence in this case is not properly before us, and that we are, hence, unable to consider any question arising out of or resting upon the evidence. *Wagoner* v. *Wilson*, 108 Ind. 210; *Lyon* v. *Davis*, 111 Ind. 384; *Marshall* v. *State, ex rel.*, 107 Ind. 173. In the absence of the evidence, therefore, no available error is before us for consideration, except the alleged error of the court in overruling the demurrer to the complaint, and in sustaining the motion to strike out a part of the third paragraph of the answer. All other questions under the assignment of errors arise out of the evidence and are not before the court.

It is claimed by the appellant that the complaint was insufficient in failing to allege that the note sued on was executed for "value received." A copy of the note was filed with and made a part of the complaint. The note which was a part of the complaint was given for "value received," as shown by the note. Without considering the question as to whether the complaint would have been insufficient without the allegation of value received being contained in it, or in the exhibit made a part of the complaint, as the note in suit was filed with and made a part of the complaint and was given for value received, the demurrer was correctly overruled. *Reed* v. *Broadbelt*, 68 Ind. 91; *Mercer* v. *Hebert*, 41 Ind. 459; *Friddle* v. *Crane*, 68 Ind. 583.

The court sustained the motion of the appellee in part and struck out of the third paragraph of the appellant's answer

the following part thereof: "That when he, defendant,. would make said demand on said Minerva Irwin for said note, she would say her son, the plaintiff, had said note, and the defendant would make like demand of the plaintiff he would allege that his mother had the note, and in this way prevented the surrender to this defendant of the note in suit." There was no error in this ruling. The part of the answer so stricken out was, in its nature, evidentiary. It contained no fact the denial of which would make a material issue in the case. It was mere surplusage. The answer was not strengthened by it.

The judgment is affirmed, with costs.

Filed Nov. 13, 1891.