The Noblesville Foundry and Machine Co. *v.* Yeaman, by Next Friend.

No. 303.

## THE NOBLESVILLE FOUNDRY AND MACHINE COMPANY *v.* YEAMAN, BY NEXT FRIEND.

APPELLATE COURT.—*Pleading.—Complaint.*—Where a complaint is attacked for the first time in the Appellate Court, every legal intendment is summoned to its rescue, and if there is enough to bar another suit for the same cause, and no necessary averment is totally absent, the verdict will cure the delinquencies.

MASTER AND SERVANT.—*Inexperienced Servant.—Dangerous Undertaking.— Employer's Negligence.—Fellow-Servant.*—An employer who sets a boy sixteen years of age at a dangerous undertaking, knowing that he lacks the strength and skill necessary to do it safely, is guilty of negligence. The employer can not exculpate himself by claiming that the employee was directed where to work by a fellow-servant.

From the Hamilton Circuit Court.

*A. F. Shirts* and *M. Vestal,* for appellant.

*T. J. Kane* and *T. P. Davis,* for appellee.

CRUMPACKER, J.—This action was brought by Otho G. Yeaman, a minor, against the Noblesville Foundry and Machine Company to recover damages for a personal injury sustained by the plaintiff through the alleged carelessness of the defendant. The complaint is as follows:

" The plaintiff complains of the defendant, and says that the defendant is a corporation, duly organized and operating under and pursuant to the laws of the State of Indiana, and that in the month of May, 1888, he was an inexperienced boy, sixteen years of age, employed in the service of the defendant, and that while in such service he consented to assist other servants and employees of said defendant in the making of a large wrench, in the making of which was involved the operation of a large and heavy drop-hammer, weighing about eight hundred pounds, which said service was outside of the scope of the usual employment and duties of the plaintiff, and that he was not familiar with or experienced in that class of work, and that the plaintiff was too young

to be put to the service he was required to perform ; that on said occasion the foreman and workmen of said defendant were engaged in making said wrench, weighing about fifty pounds, in the making of which it became necessary, as aforesaid, to mould and shape said wrench by operating said drop-hammer thereon ; that said drop-hammer, as managed and worked by said foreman of said defendant on said occasion, was hazardous and dangerous, and required extraordinary or peculiar skill on the part of the workmen to avoid the danger attending such operation thereof, and that such danger might reasonably have been apprehended by said defendant or its foreman, and that knowing his age and inexperience the defendant neglected to give him the necessary warning and instruction, and that in the operation of the same, on the occasion referred to, the said master or foreman of the defendant, in charge of said work, ordered said plaintiff to reach his hand through and under said hammer and take hold of a pair of tongs with which said wrench was being held by a fellow-workman, and with said tongs so taken from his fellow-workman in that manner to hold and carry said wrench to another place ; and the plaintiff avers that said defendant and said foreman were negligent and careless in attempting to perform said work in said manner, of which the plaintiff was then ignorant, and that pursuant to said order said plaintiff acted in all respects as directed, and did reach his hand through and under said hammer, and did take hold of said tongs with which said wrench was being held, and that the weight of said tongs and wrench were beyond his strength and skill, by reason of which his hold thereon was loosened, and through that act, or some cause unknown to the plaintiff, said hammer fell and caught, mashed and cut off his left hand, all of which was occasioned by the said fault and negligence of the said defendant and its foreman on the occasion referred to as above stated, and without fault on the part of the plaintiff, and that said plaintiff in the exercise of ordinary care could not have safely performed the service

required of him in the manner as directed by said master and foreman, on account of his youth, inexperience and want of necessary strength, of which danger and inability he was ignorant at the time. And the plaintiff avers that on account of said injury he suffered great bodily and mental anguish, and has been disabled for life, and has incurred expenses on account of said injury in the sum of two hundred dollars, for services of a physician and surgeon and nursing, and has been deprived of the ability to follow his business." Wherefore he demands judgment.

An answer of the general denial closed the issues, and the cause was tried by a jury, who found a verdict for the plaintiff, upon which judgment was rendered.

The defendant appeals and assigns for error that the complaint does not state facts sufficient to constitute a cause of action.

There are several defects in the complaint, and, if it had been tested by demurrer, it would undoubtedly have been adjudged insufficient. The charge of culpable negligence against the appellant is very feeble indeed. While it shows the employment of the appellee at a hazardous undertaking, without giving him proper instructions to enable him to avoid danger, and that he did not possess the requisite amount of skill and strength to perform the special task with comparative safety, of which facts he was ignorant, it does not directly aver that the injury was the result of appellant's misconduct. The only averment upon this question (excepting conclusions) is that the precipitation of the trip-hammer was caused by the falling of the tongs through appellee's inability to hold them, or by " some cause unknown to the plaintiff." A complaint, in cases of the class to which this belongs, should state facts from which negligence upon the part of the defendant is a necessary legal inference, and clearly connect such negligence with the injury as its proximate cause. If the hammer fell and inflicted the injury

through some unknown cause, the appellant would not be responsible.

But the averment that the hammer was thrown down by the tongs, or by some unknown cause, can not be regarded as the equivalent of no averment whatever respecting the cause of the injury, and, viewing the complaint as a whole, the imperfections are susceptible of being elucidated by the evidence, and consequently are cured by the verdict. When a complaint is attacked for the first time in this court every legal intendment is summoned to its rescue, and if there is enough to bar another suit for the same cause, and no necessary averment is totally absent, the verdict will cure the delinquencies. *Du Souchet* v. *Dutcher,* 113 Ind. 249; *Orton* v. *Tilden,* 110 Ind. 131; *Burkett* v. *Holman,* 104 Ind. 6; *Hedrick* v. *D. M. Osborne & Co.,* 99 Ind. 143; *Louisville, etc., R. W. Co.* v. *Harrington,* 92 Ind. 457; *Toledo, etc. R. W. Co.* v. *Stevens,* 63 Ind. 337; *Louisville, etc., R. W. Co.* v. *Spain,* 61 Ind. 460.

We are inclined to the view that the complaint in question comes within the doctrine of these authorities, although this conclusion is not reached without some misgivings.

The only other question discussed relates to the sufficiency of the evidence to support the verdict. It was proved that the appellee was but sixteen years of age, and was employed to work in appellant's machine shop, and on the evening of the injury he was sent into the forging room to assist in making a wrench. In this room was an anvil over which was suspended a trip-hammer, weighing nearly 800 pounds, used in forging heavy iron, and which was operated by a treadle. The foreman directed appellee to reach under the hammer and seize with a pair of tongs a heavy piece of iron weighing about seventy-five pounds, which he undertook to do; but the iron was too heavy for him to handle in that manner, and the tongs turned in his hands, and fell on the treadle, and precipitated the hammer on his hand, mangling it in a severe manner. The foreman knew of appellee's mi-

nority and lack of strength when he directed him to handle the tongs. The appellant was culpably negligent in setting the appellee to work at the special task, knowing that he lacked strength and skill necessary to do it safely. *Brazil Block Coal Co.* v. *Young,* 117 Ind. 520; *Taylor* v. *Wootan,* 1 Ind. App. 188.

It is the duty of the master to furnish appliances, and direct where his workmen shall work, and this duty can not be delegated so as to absolve the master from responsibility for its improper performance. Having set the appellee at a dangerous undertaking, which he was unfitted to perform on account of his lack of strength and skill, the appellant can not exculpate itself by the claim that the man who directed him where to work was a fellow-servant. *Indiana Car Company* v. *Parker,* 100 Ind. 181.

The evidence fairly supports the verdict.

The judgment is affirmed.

Filed Feb. 3, 1892.