Filed March 15, 1892.

---

No. 427.

### STURGEON v. STURGEON.

NEW TRIAL.—*Excessive Damages.*—When the amount of damages recovered is not grossly and outrageously excessive, so as to induce the belief that the verdict was the result of prejudice, partiality, or corruption, a new trial will not be granted on that ground.

INSTRUCTIONS TO JURY.—*Incorporating Complaint.*—It is not error for the court in presenting its instructions to the jury to set out and read the complaint.

SAME.—*Amount of Damages.*—An instruction to the jury that in making up their verdict as to the amount of damages, they should "consider all the circumstances bearing on that subject," is not bad if, taken in connection with others, the jury is informed that they must consider all the evidence in the case.

EVIDENCE.—*Civil Action for Assault and Battery.*—*Reputation for Peace and Humanity.*—*Inadmissibility of.*—Where, in an action for damages for an assault and battery, the defendant offered to prove his general good reputation in the neighborhood where he lived for being a peaceable and humane man, such proffered evidence was rightly rejected.

SAME.—*Declaration of Present Pain.*—Where, on the next morning after the commission of the assault and battery, an examination of the plaintiff's injuries was being made, and she exclaimed, " Pa, don't hold my neck ; it is pretty near broke " it amounted to a declaration of present pain, and was competent testimony.  It can not be regarded as a narration of what had previously occurred.

PLEADING.—*Civil Action for Assault and Battery.*—*Complaint.*—*Sufficiency of Averment as to the Assault.*—A complaint averred with sufficient certainty that the defendant assaulted the plaintiff, which alleged that, " without

any excuse or provocation, he willfully, purposely and maliciously, and with the intention of doing plaintiff great mental and bodily harm, and with great force and violence made an assault upon her * * * and put both of his hands on and around her throat and neck and did cruelly choke and bruise her said neck and throat, and while so holding and choking her did violently shove and push her backward for the distance of forty feet into a deep hole in the ground," etc.

From the Noble Circuit Court.

*S. M. Hench* and *R. P. Barr*, for appellant.

*T. R. Marshall, W. F. McNagney* and *L. W. Wrigley*, for appellee.

REINHARD, J.—The first question presented arises upon the sufficiency of the evidence to sustain the verdict of the jury. The action was by the appellee against the appellant for damages·for an assault and battery, and the appellee recovered a judgment. The evidence tends to prove that the appellant, who is the father-in-law of the appellee,·without sufficient provocation or excuse, assaulted the appellee and choked her and caused her to fall in a hole in the ground, thereby bruising and injuring her. The evidence was sufficient to warrant the jury in returning a verdict for the appellee.

It is claimed the amount of the verdict is excessive. The amount recovered was $1,000. We do not regard the damages assessed as " grossly and outrageously excessive." Unless they are so, and induce the belief that they were the result of prejudice, partiality or corruption, a new trial will not be granted. *Ohio, etc., R. W. Co.* v. *Judy,* 120 Ind. 397; *Evansville, etc., R. R. Co.* v. *Talbott,* 131 Ind. 221.

Complaint is made of the giving of instructions Nos. 1 and 2 by the court of its own motion. The alleged defect in the first of these consists in the fact that in its statement of the case to the jury, in said instruction, the court set out and read to the jury the complaint. There was no error in this. The court had a right to direct the

minds of the jurors to the issues in the case. The jury was properly informed that the burden was upon the appellee to prove the material averments in the complaint. We think this was proper.

In the second instruction the court told the jury that if they found for the plaintiff upon the evidence the amount of damages to which she was entitled was not fixed by the law with any exactness, and that it was left largely to the discretion of the jury, " who are, however, to consider all the circumstances of the case bearing upon that subject." The court then proceeded to state that if the jury found for the plaintiff the damages would not necessarily be limited to the actual loss in money or time or expense, which she had incurred, but the law also authorized the giving of full compensation for the mental pain, anguish, shame and humiliation she may have suffered as the direct result of the injuries inflicted upon her by the appellant, if any is shown by the evidence, but that they could not award to the plaintiff any exemplary damages by way of punishment to the appellant and that the damages must be limited to actual compensation for injuries to her mind and body, etc.

That portion of the instruction which we have above set out in quotation marks is the particular part to which appellant objects. He claims the jury must consider not only " all the circumstances," but *all the evidence* of the case, and hence the instruction was too narrow. We think, however, that the instruction, when taken in connection with the other instructions given, is not inaccurate. The jury were told in another instruction that the burden was upon the plaintiff to prove her case " by a preponderance of all the evidence " before she could recover a verdict in the case. We do not think there is any substantial merit in this objection.

It is next insisted that the court erred in refusing to give certain instructions requested by the appellant.

Upon examination, however, we find that such portions as are abstractly correct are contained in substance in other instructions given by the court.

Appellant offered to prove his general good reputation in the neighborhood where he lived as a peaceable and humane man. The evidence was rejected, and it is argued that this was error. We do not think so, however. The question has already been decided adversely to the appellant's contention. *Elliott* v. *Russell,* 92 Ind. 526; *Gebhart* v. *Burkett,* 57 Ind. 378.

The appellee proved by her father that on the next morning after the injury he saw her at home, and was looking at her injuries, and when he moved her head to see what marks of violence were on her neck, she said: "Pa, don't hold my neck; it is pretty near broke;" and that he looked then and observed that the glands of her neck were swollen out even with her face. The portion of this testimony to which the appellant objects in particular is what was said upon the occasion by the appellee. It is claimed that this was hearsay. We do not so consider it. It amounts to an exclamation of present pain, and is not a narration of what had previously occurred. We think the evidence was competent. *Board, etc.,*v. *Leggett,* 115 Ind. 544. It is not necessary that the statement should have been made to a physician in order to render it admissible. The contrary was decided in *Cleveland, etc., R. R. Co.* .v. *Newell,* 104 Ind. 264, a case cited by the appellant in support of the position, that such statement should be excluded unless made to a physician. It was said by the court in that case that "such declarations and expressions are competent, regardless of the person to whom they are made. They are especially competent and of more weight when made to a physician."

Other questions in connection with the admission of testimony are raised by the appellant, but upon a careful

examination, we have not been able to discover any substantial error in the ruling of the court with regard thereto. No good can be accomplished by a further discussion of these questions. Those above considered are the principal ones relied upon.

The overruling of a demurrer to the complaint is assigned as error.

It is claimed in argument by appellant's counsel that the complaint does not aver with sufficient certainty that the appellant assaulted the appellee. The averment in this regard is that the appellant, " without any cause or provocatian therefor, whatever, did wilfully, purposely and maliciously, and with the intention of doing plaintiff great mental and bodily harm, and with great force and violence, make an assault upon the plaintiff, and did then and there, with great anger and with loud and angry imprecations against the plaintiff, put both of his hands on and around her throat and neck, and did cruelly choke and bruise her said neck and throat, and while so holding and choking her, did violently shove and push her backward for the distance of forty feet and into a deep hole in the ground, and did trip and violently throw her down to the ground, that in so pushing her backward and throwing her down, the defendant did violently and purposely twist and jerk her head, neck and back, cruelly bruise her throat and neck, strain and wound her back, twist and bruise her arms and legs, and bruise and strain other parts of her body."

The appellant's counsel have not seen fit to point out what averment is lacking here in order to make the above a good and sufficient charge of assault and battery in a civil action for a tort, and we are not able to discover such deficiency. We regard the complaint as amply sufficient and not subject to the objection urged against it.

This disposes of all the points raised by the parties, except the one made by the appellee's counsel, that the

instructions are not properly in the record. In view of our conclusion in the case it is not necessary to consider this question.

There is no reversible error.

The judgment is affirmed.

Filed March 17, 1892.