Filed March 14, 1893.

———⋄———

No. 809.

HAYNES, SPENCER & CO. v. ERK.

APPEAL.—*Practice.*—*Sufficiency of Evidence.*—*Bill of Exceptions.*—Before the sufficiency of the evidence to sustain the verdict can be considered on appeal, it must affirmatively appear over the signature of the trial judge that the bill of exceptions contains all of the evidence. The bill of exceptions preceding the formal conclusion, should contain the words: "And this was all the evidence given in said cause."

MASTER AND SERVANT.—*Negligence.*—*Boy.*—*Dangerous Task.*—A master who sets an ignorant boy to work at a special and dangerous task, without previous instruction, and with knowledge that such boy has not the skill and experience to do it safely, is guilty of culpable negligence, and liable for injury resulting to such boy in his efforts to perform the task in obedience to the master's direction, unless the proximate cause of the injury is the result of such boy's contributory negligence.

SAME.—*Contributory Negligence.*—In such case, the fact that the boy might, by the use of his eye-sight, have seen the danger, or, by the use of his

Haynes, Spencer & Co. *v.* Erk.

reasoning faculties, have realized and avoided it, is not sufficient, under the circumstances, to enable the court to say, as a matter of law, that he was guilty of contributory negligence.

SAME.—*Excessive Damages.*—The Appellate Court will not reverse the judgment of the trial court for refusing a new trial on the ground of excessive damages, unless they appear at first blush to be outrageous and excessive, or that some improper reason was taken into account by the jury in determining the amount.

From the Randolph Circuit Court.

*H. C. Fox* and *J. T. Robbins*, for appellant.

*C. E. Shively*, for appellee.

DAVIS, J.—This action was commenced in the Wayne Circuit Court, on the 18th of February, 1890. The case was tried by a jury in that court and a verdict returned in favor of appellee for eleven hundred and sixty-four dollars. On application of appellant a new trial was granted. Afterwards, the venue was changed to the Randolph Circuit Court. On trial in that court, judgment was rendered on the verdict of the jury for two thousand seven hundred and fifty dollars.

The errors assigned are:

"*First.* The court below erred in overruling the demurrer to the several paragraphs of the complaint.

"*Second.* The court below erred in overruling appellant's motion for a new trial.

"*Third.* The court below erred in overruling appellant's. motion for a judgment upon the facts found by the jury, notwithstanding the general verdict."

The only errors discussed by counsel for appellant are:

*First.* "That the verdict of the jury is not sustained by sufficient evidence."

*Second.* "That the amount of damages assessed is excessive."

The other errors assigned are waived by the failure to discuss them.

It is earnestly insisted by counsel for appellee that the

record does not show that it contains all the evidence given in the cause, and, therefore, that no question is presented for the consideration of this court. The brief in behalf of appellee appears to have been filed on the 3d of August, 1891, and no reply has been made to the contention of counsel.

The verdict was returned on the 18th of June, 1890. The judgment was rendered at the ensuing term, on the 11th of October, 1890. Sixty days time was then granted appellant in which to file a bill of exceptions. A bill of exceptions was filed on the 3d of December, 1890.

It recites that "the plaintiff, to maintain the issue in his behalf, introduced the following evidence, to wit:"

The ensuing one hundred and sixty pages embrace the examination of witnesses in behalf of plaintiff. At the conclusion thereof there is the following recital: "And here the plaintiff rested." The next statement is as follows: "And the defendant, to maintain the issues on its behalf, introduced the following evidence, to wit:"

Following this there appears the examination of witnesses in behalf of the defendant, covering one hundred and thirty-one pages. The bill of exceptions then recites: "And here the defendant rested. And the plaintiff, to further maintain the issue in his behalf, introduced the following evidence in rebuttal, to wit:"

The next following six pages embrace what purports to be rebutting evidence. At the conclusion thereof the bill recites: "And here the plaintiff rested."

Then follows the verdict of the jury, the interrogatories and answers thereto, motion for judgment *non obstante veredicto*, motion for a new trial, the formal conclusion and the signature of the judge.

The evidence incorporated into the bill of exceptions alone covers two hundred and ninety-eight pages, written by type-writer.

The reporter does not certify that he made a long-hand

manuscript copy of a verbatim report of the evidence introduced on the trial. In fact the reporter has made no certificate of any kind. The clerk does not certify that the bill of exceptions contains the official long-hand report of the evidence.

The judge before whom the trial was had does not certify that the evidence incorporated into the bill of exceptions "was all the evidence given in said cause."

No such statement appears, at any place or in any manner, in the record, either in words or substance.

Therefore, if the bill of exceptions contained such certificates of the reporter and clerk as to the evidence introduced on the trial, yet, because of the absence of such recital in the bill properly certified to by the judge, the evidence would not be properly in the record.

In other words, before the Appellate Court can consider the sufficiency of the evidence to sustain the verdict, it must affirmatively appear over the signature of the trial judge that the bill of exceptions contains all of the evidence. The bill of exceptions preceding the formal conclusion should contain the words: "And this was all the evidence given in said cause." *Petree* v. *Fielder*, 3 Ind. App. 127.

Some of the matters incorporated in the bill of exceptions are properly in the record aside from the bill of exceptions, but on account of the absence of the material statement, above indicated, we are compelled to hold that the evidence is not properly before us.

Before considering this question, we had examined the evidence purporting to be set out in the bill of exceptions, with some care, and we will briefly state our conclusions thereon.

The evidence tends to prove, among other things, that appellee, an inexperienced boy about sixteen years of age, was employed by appellant in its manufacturing establishment to carry away finished stuff, and to act as a roust-

about, for several months prior to the accident, at three dollars per week, and that he was, on the occasion in question, without due previous instruction and caution, placed to work at a dangerous machine, known as a Universal Wood Worker, which operated concealed knives, extending back under a guard or shield, making four thousand revolutions a minute, and in the performance of the duties to which he was assigned, appellee's fingers, on his left hand, without fault on his part, were cut off.

Without recapitulating all of the material facts, which there was evidence, if properly in the record, tending to establish, it will suffice to say that an employer who sets an ignorant boy to work at a special and dangerous task, with knowledge that the boy has not the skill and experience necessary to do it safely, and without previous instruction, is guilty of culpable negligence, and if the boy in such case, in obedience to the directions of the employer, in his efforts to perform the work so assigned, is injured, he is entitled to recover therefor, unless the proximate cause of his injury is, under the circumstances, the result of his own fault. *Noblesville Foundry, etc., Co.* v. *Yeaman,* 3 Ind. App. 521.

The fact that appellee might, by the use of his eye-sight, have seen that the work was dangerous, or that he, by the use of his reasoning faculties, might have realized and avoided the danger which he was incurring, is not sufficient, under the circumstances, to enable the court to say, as a matter of law, that appellee was guilty of contributory negligence.

This was a question for the jury to determine from all the facts and circumstances in the case. *Hill* v. *Gust,* 55 Ind. 45: *Louisville, etc., R. W. Co.,* v. *Frawley,* 110 Ind. 18.

In this case the bill of exceptions, fatally defective as it is, contains some evidence, at least, tending to sustain the verdict on every material point in issue.

The law leaves the amount of compensation in such cases to the sound discretion of the jury.

The general rule governing the Appellate Court in this class of cases is that it will not reverse the judgment of the court below in refusing a new trial on the ground of excessive damages, unless they appear at first blush to be outrageous and excessive, or that some improper reason was taken into account by the jury in determining the amount. *City of Evansville* v. *Worthington*, 97 Ind. 282.

Substantial and, perhaps, full compensatory damages were allowed by the jury in this case, but the amount recovered does not impress us at first blush as being outrageous and excessive. Moreover, the verdict met the approval of the trial court.

In the condition of the record, we could not reverse the judgment of the court below, if we so desired, and we have found no reason why this court should do so, if all the questions so ably discussed by the learned counsel were properly presented by the record.

Judgment affirmed.

