No. 1,217.

## THE BOARD OF COMMISSIONERS OF PARKE COUNTY v. SAPPENFIELD.

APPELLATE COURT PRACTICE.—*Sufficiency of the Evidence.—Recovery.*— Where there is some evidence fairly supporting every fact necessary to a recovery, the appellate tribunal will not interfere, although the preponderance of the evidence appears to be on the other side.

DAMAGES.—*Excessive.—Much Greater on Second Trial.*—The fact that the amount of damages recovered on a second trial are much larger than that of the former trial, is not self-evident proof that the damages are excessive.

INSTRUCTIONS TO JURY.—*Modification.*—An immaterial modification of an instruction can not amount to prejudicial error.

From the Vigo Superior Court.

*J. Jump, J. E. Lamb, T. H. Davis* and *H. Daniels,* for appellant.

*T. N. Rice* and *J. T. Johnston,* for appellee.

GAVIN, J.—The appellee sued the appellant to recover damages for injuries received by reason of appellant's negligent failure to erect and maintain suitable barriers and railings upon a certain county bridge.

A former judgment in appellee's favor was reversed by this court. *Board, etc.,* v. *Sappenfield,* 6 Ind. App. 577.

A subsequent trial resulted in another verdict and judgment for appellee.

The only questions presented to us arise upon the motion for a new trial.

We have examined the evidence, and find it to sustain the verdict in all essential respects. There is abundant evidence to justify the jury in finding negligence upon the part of appellant as the proximate cause of the injury, and freedom from fault by appellee.

VOL. 10—39

It is true there was evidence on behalf of appellant, which would have sustained a different result. It was the province of the jury to choose between the conflicting statements of the various witnesses pro and con. Where there is some evidence fairly supporting every fact necessary to the successful party's recovery, we can not set it aside, even though the preponderance of the evidence appears to be the other way. *McDaneld* v. *Mc-Daneld*, 136 Ind. 603; *Haines* v. *Porch*, 9 Ind. App. 413.

The evidence was sufficient to authorize the jury to find that the bridge was constructed over a natural watercourse, a "branch," as one of the witnesses styles it.

Counsel argue that the damages are excessive because they are much larger than the former verdict. We do not think this position tenable, nor can we adjudge the damages excessive under the well established rule which requires that they should appear to be so grossly and outrageously excessive as to be the result of prejudice, partiality, or corruption. *Sturgeon* v. *Sturgeon*, 4 Ind. App. 232; *Haynes, Spencer & Co.* v. *Erk*, 6 Ind. App. 332.

Some criticisms are offered to the instructions given by the court. None of them, however, appear to us well founded.

Neither was there any error in the refusal of the instructions asked. Each instruction authorizing the jury to find for the plaintiff under the circumstances therein recited, was expressly conditioned upon the jury's finding that the negligent failure to provide the barriers caused the injury. They could not have failed to understand that this was an essential element of appellee's case.

The fact that the conduct of the horses on the occasion in controversy may have been one proximate cause of the injury would not prevent the appellant from being liable

if their negligence was also a proximate and concurring cause of the injury. This proposition was decided when the cause was here before.

So far as the matters included in these instructions were the law, they were covered in those given.

Complaint is made of a modification of an instruction which, however, "did not," as counsel state, "add to nor detract from the instruction as presented." Such a modification could certainly do no harm.

We have considered all the objections to the record that have been made by the appellant's counsel, and are unable to find any cause for reversal.

Judgment affirmed.

Filed Oct. 12, 1894.