SWALLOW COACH LINES, INC., ET AL. *v.* COSGROVE.

[No. 27,059. Filed May 31, 1938. Rehearing denied September 30, 1938.]

*Rocap & Rocap, A. J. Rucker,* and *Chester Loughry,* for appellants.

*George S. Stewart,* and *Howard D. Phillips,* for appellee.

SHAKE, J.—This is an appeal from a judgment for personal injuries in favor of the appellee. The appellants herein and Clarence Wilkerson were originally

named as defendants, the cause having been dismissed as to Wilkerson before trial. The errors assigned relate to the overruling of the separate demurrer of the appellant Pennsylvania Greyhound Lines of Indiana, Inc., to the complaint, and the overruling of the separate and several motion for a new trial of the appellants herein.

The complaint alleged that the appellant Pennsylvania Greyhound Lines held a certificate of convenience and necessity from the Public Service Commission of Indiana for the operation of a motor bus line for the transportation of passengers for hire between West Lafayette and Indianapolis; that prior to the plaintiff's injuries said appellant had entered into an arrangement with the appellant Swallow Coach Lines, under which the latter operated the bus that figured in the accident under the certificate issued to Pennsylvania Greyhound Lines; that appellee purchased a ticket from the agent of the appellant Pennsylvania Greyhound Lines for transportation from Lafayette to Indianapolis, and was advised by him that the same would be honored by the Swallow Coach Lines, and that the details of the arrangements between the two transportation companies were within their peculiar knowledge and unknown to the plaintiff. The memorandum was to the effect that the above allegations were insufficient to bind the demurring appellant. On the trial the lease contract between the two bus companies was introduced in evidence. It showed that the lessee undertook to operate busses upon schedules approved by the lessor and the Public Service Commission; that the lessor should receive 10 per cent of the gross receipts from such operations and that the lessee should indemnify and save harmless the lessor from all claims for damages. The indeterminate permit constituted a contract between the Greyhound Lines and the State. One cannot escape the consequences of answering in damages growing out of

an assumed responsibility by the defense that he has let the discharge of the obligation to another, over whom he has no control. *Cleveland, etc., R. Co.* v. *Simpson* (1915), 182 Ind. 693, 104 N. E. 301, 108 N. E. 9. In the case of *Bates Motor Transport Lines, Inc.* v. *Mayer* (1938), 213 Ind. 664, 672, 14 N. E. (2d) 91, this court had before it a situation involving the same principles under somewhat different facts. In that case it was said: "The appellant was the responsible licensed party to use the highways of the state, in an enterprise necessarily attended by some danger. It cannot avoid liability for injury to third parties by contracting with an irresponsible party. Such contract would be a fraud upon the public and state." While there is no claim that Swallow Coach Lines was an irresponsible party, the application of the rule is the same as stated in the Bates case. There was no error in overruling the demurrer to the complaint.

It is strenuously urged that the finding of negligence is not sustained by the evidence. The function of this court in reviewing a determination of fact, when there has been a trial on the merits by court or jury, is too well known for restatement. We have considered the evidence and find it sufficient. The bus upon which appellee was riding was proceeding along a paved highway. The defendant Wilkerson approached from the rear in another vehicle and undertook to pass, after sounding his horn. The vehicles collided, doing considerable damage to both and resulting in injuries to the appellee. Appellants contend that the undisputed evidence establishes that the accident was Wilkerson's fault. There was some showing that he was intoxicated and some evidence that the cars came together by reason of his cutting in front of the bus. If the jury had found that the accident was caused by these facts, we would not have disturbed the verdict. But there is likewise evidence from which the jury was justified in finding that

the accident was due to the negligence of the driver of the bus, or to his negligence in combination with that of Wilkerson. A Lafayette police officer found tire tracks made by the wheels of the bus at the black line in the middle of the road at the place where the collision occurred. The bus body was shown to be 7½ feet in width. Among the charges of negligence in the complaint was one that the bus driver failed to yield half the highway to Wilkerson. The jury could have found that to be true from the policeman's testimony, and it was corroborated by other evidence. Since we are precluded from weighing evidence we cannot say that there was a total lack of proof upon any essential issue.

Claim is made that the verdict, which was for $4,500, is excessive. To warrant a reversal on that ground it must appear that the damages assessed were so grossly and outrageously excessive as to induce the belief that they were the result of prejudice, partiality, or corruption. *Ohio & Mississippi Ry. Co.* v. *Judy* (1889), 120 Ind. 397, 22 N. E. 252; *Sturgeon* v. *Sturgeon* (1892), 4 Ind. App. 232, 30 N. E. 805. The jury was composed of both men and women and the appellants say that perhaps the lady members thereof were inflamed by the introduction in evidence of a complaint for divorce previously filed by the appellee against her husband, in which she charged him with acts of extreme physical cruelty toward her. This evidence was offered by the appellants and if they thought it prejudicial to their cause they were under no compulsion to produce it. It is also asserted that the appellee possessed the gift of exaggeration and deception, and that the bruises which she claimed to have suffered may have resulted from manipulation of the flesh by herself or with the aid of others between the time of the accident and the time when she was first seen by a physician. This court cannot indulge in any such extra-evidencial excur-

sions into the realm of conjecture and speculation to set aside the verdict of twelve lawful jurors, which has also received the approval of an experienced trial judge. Much of the record before us is devoted to the testimony of skilled medical men relative to the nature and extent of appellee's injuries. The evidence upon that subject is highly conflicting, but that most favorable to the appellee would reasonably sustain an award in the amount allowed. Under the limitations imposed by the rule above stated we are not able to say that the verdict is excessive.

Error is predicated upon the giving or refusal of eleven instructions. The limitation of space which we are obliged to impose upon ourselves precludes us from quoting each of these instructions in its entirety and discussing each separately. The first charge given and complained of told the jury that while a common carrier for hire is not an insurer of the safety of its passengers against all the risks of travel, there is a general duty to safely carry them. In another instruction given, the court again told the jury the carrier was not an insurer of the safety of the plaintiff, "for the law only imposed the duty on it to exercise reasonable and ordinary care for the safety of its passengers, including plaintiff, under all the surrounding circumstances." Reading the two instructions together, the jury was told, in substance, that it is the general duty of a carrier for hire to safely transport its passengers, and that that duty is discharged when it has exercised reasonable and ordinary care to that end, under all the surrounding circumstances. There is nothing improper about this statement of the law. *Union Traction Co. of Indiana* v. *Berry, Admr.* (1919), 188 Ind. 514, 121 N. E. 655, 124 N. E. 737.

Plaintiff's instruction 2 given by the court told the jury that "a carrier of passengers for pay is responsible

for injuries sustained by a passenger *through* the neglect, recklessness and carelessness of the servants of such carrier, while such servants are engaged in the general scope of their employment." (Our italics.) Objection is made to the absence of the element of proximate cause and to the use of the word "recklessness" in this instruction. Instruction 5 (given at the request of the plaintiff) told the jury that "in order for the plaintiff to recover in this case she must prove by a preponderance of the evidence that one or more of said defendants were guilty of one or more of the acts of negligence charged as to him or them in plaintiff's complaint, and that such negligence was the direct and proximate cause of plaintiff's injuries. Instruction 5 given by the court on its own motion, correctly defined the term "proximate cause." Considering these charges together, the jury could not have been misled by plaintiff's instruction 2. Nor can appellants complain of the employment of the word "recklessness," as used in this instruction. To be reckless one must be more than negligent. Recklessness implies no care, coupled with disregard for consequences. *Coconower* v. *Stoddard* (1932), 96 Ind. App. 287, 182 N. E. 466. The appellants were not entitled to so favorable an instruction.

The court gave the following instruction (plaintiff's instruction 3): "The court instructs you that where an injury is caused by the concurrent negligence of two or more parties, the injured person may recover from any or all of such parties, provided that there was no contributory negligence on the part of the injured person, and none of the parties concurring in such negligence can successfully interpose as a defense the fact that the negligence of the other contributed to the injury." Complaint is made that this charge does not embrace the element of proximate cause and is not applicable to the evidence. As we have already pointed out,

the jury was fully instructed as to what constitutes proximate cause and as to the necessity of establishing it. When that is once properly done the court is not required to repeat it in every general instruction relating to the subject of negligence. There was evidence from which the jury might have found that Gass, the driver of the bus, failed to yield half the traveled portion of the highway to Wilkerson, and that the latter negligently drove his car in the path of the moving bus. If the jury believed that these facts were established there was a basis for the conclusion that appellee's injuries were caused by the concurrent negligence of these parties. We cannot say that the above charge was inapplicable to the evidence.

In another instruction (plaintiff's number 6) the court quoted the statutory definition of reckless driving (§47-520 Burns' Ann. St. 1933, §11173 Baldwin's 1934), and told the jury that if they found from the evidence that while Wilkerson's automobile was attempting to pass the bus, the driver of the latter did either of the things constituting reckless driving, as defined in the statute, and that on account thereof the vehicles collided and the appellee was injured, without negligence on her part, she would be entitled to recover. The several acts or omissions defined in the statute were connected with the word "or" following the statement "while Clarence Wilkerson's automobile was attempting to pass said bus." Among the acts enumerated in the instruction as constituting negligence and a violation of the statute is "that he drove the same from one side of said highway to the other." Appellants say that driving from one side of the highway to the other is neither a violation of the law nor negligence, pointing out the well established rule that a traveler on a public highway is entitled to the use of the entire width thereof. But it

certainly might be negligence for the operator of a large bus to drive from one side of an 18-foot pavement to the other while another vehicle was passing. Instructions must be considered in the light of the facts to which they are applicable.

The only criticism of the plaintiff's tendered instruction 7 and the court's instruction 11 is the absence of the element of proximate cause therein. What we have already said with respect to plaintiff's instructions 2 and 3 is our answer to these objections. The fault found with the court's instruction 12 is the alleged false assumption therein that the evidence was not in dispute and showed that the accident was solely due to the negligence of Wilkerson. We have rejected that contention in our discussion of plaintiff's instruction 3.

Appellants tendered an instruction to the effect that there is no statute in this state fixing an arbitrary and certain rate of speed for the operation of an automobile upon the highways, which was refused.

They did not tender any instruction embracing the provisions of the statute with reference to the speed of automobiles upon the highways. We do not know of any rule of law requiring the court to instruct a jury as to what is not the law of the state.

Instructions 10 and 11 tendered by appellants and refused, related to proximate cause, and we have already held that the jury was fully advised with respect thereto. The refusal of these instructions was not error. Their instruction 12 defined a pure accident and the charges given to the jury likewise fully covered that subject.

Five propositions in appellants' brief are devoted to alleged errors in the admission or rejection of evidence. We have carefully considered these and have read the parts of the record that disclose them. None of them related to material matters or were of a character to

substantially affect the rights of the parties. They would not justify the reversal of the cause.

This appeal does not present reversible error, and the judgment is affirmed.