### Jeremiah H. Williams v. Daniel Watson.

1. INSTRUCTIONS—*The Jury Should be Instructed as to All Issues Raised by the Evidence.*—The evidence in this case fairly presented the questions whether the relation between appellee and defendant in the attachment was that of debtor and creditor or principal and agent, whether the transfer to appellee was fraudulent as against appellant, and whether under all the circumstances appellee should be deemed estopped to claim the property in controversy as against appellant, and the refused instructions which advised the jury as to the legal principles applicable to these issues should have been given.

Attachment.—Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed June 16, 1897.

SALMANS & DRAPER, attorneys for the appellant.

W. J. CALHOUN and H. M. STEELY, attorneys for appellee.

OPINION PER CURIAM.

Appellant, a farmer, on the 14th, 15th and 16th of October, 1895, sold and delivered 4,080 bushels of corn to one Lester Andrews, for which he was to receive payment by checks upon the bank of the appellee.

On the 17th of October, 1895, Andrews departed to unknown parts, and on the 22d day of the same month appellant sued out a writ of attachment against Andrews to recover the amount due for the corn and caused levy thereunder to be made upon the grain found in the elevator wherein Andrews had transacted the business of a grain buyer.

Appellee, by way of interpleader in the attachment proceeding, claimed to be the owner of the grain levied on, and on trial of that issue prevailed.

This appeal is from the judgment thus rendered in favor of appellee.

It appeared appellee was a banker, and owned an elevator, and that Andrews operated the elevator and bought grain with money supplied by appellee under an arrangement between them, the exact nature of which presented a question of fact for the consideration of a jury.

Appellee claimed Andrews was his debtor for money advanced to enable him to carry on the grain business, and that Andrews just before departing from the country, sold and delivered the grain to him in discharge, or partial discharge, of the indebtedness.

As the case must again be heard we refrain from commenting upon the testimony relating to transactions between appellee and Andrews further than to say it presented fairly the question whether the relation between them was that of simple debtor and creditor or principal and agent, and whether the transfer of the grain to appellee was free from the taint of actual or constructive fraud as against the appellant, and also the question whether under all the

circumstances appellee should be deemed estopped to claim the ownership of the grain as against the claim of the appellant, which was for the purchase price of grain which went into the elevator, and which, in part at least, was received by appellee in the transfer from Andrews.

The court refused two instructions which advised the jury as to legal principles applicable to the points mentioned herein and which are not touched upon in other instructions.

The jury should have been advised in these respects.

Altogether we are unable to assent to an affirmance of the judgment, and think the ends of justice require the cause should be again heard by a jury.

The judgment is reversed and the cause remanded.