Williams v. Andrew.

## Jeremiah H. Williams v. Lester Andrew et al., Daniel Watson, Interpleader.

1. INSTRUCTIONS—*As to Sales of Personal Property.*—An instruction, in effect, that there could be no sale of personal property except by bill of sale or memorandum in writing, is properly refused.

2. SAME—*To be Based upon the Evidence.*—An instruction upon which there is no evidence to base it is properly refused.

3. VIGILANCE—*On the Part of Creditors.*—Vigilance on the part of creditors is, in the absence of fraud, favored in law.

**Attachment and Interpleader.**—Trial in the Circuit Court of Vermilion County; the Hon. HENRY V. SELLAR, Judge, presiding. Verdict and judgment for the interpleader; appeal. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

C. M. BRIGGS, ALLEN & FRITCHEY and WILSON & BUCKINGHAM, attorneys for appellant.

W. J. CALHOUN and H. M. STEELY, attorneys for appellee.

A debtor in failing circumstances has a right to prefer one creditor over others, and has a right to sell him property sufficient in value to pay the debt of such preferred creditor in full, though by such means such preferred creditor is paid in full and other creditors are not paid at all; and he will be guilty of no fraud as to those not paid, especially where the creditor is acting in good faith. In such case he only exercises a legal right. Holbrook v. First National Bank, 10 Ill. App. 140; Dempsey v. Brown, 25 Ill. App. 192; Hanchett v. Goetz, 25 Ill. App. 445; Freishenmeyer v. Lehmkuhl, 29 Ill. 465; Wilson v. Fawkner, 38 Ill. App. 438; Hessing v. McCloskey, 37 Ill. 341; Waddams v. Humphrey, 22 Ill. 661; Miller v. Kirby, 74 Ill. 242; Bowden v. Bowden, 75 Ill. 143; Francis v. Rankin, 84 Ill. 169; Thornton v. Davenport, 1 Scam. 296; Morris v. Tillson, 81 Ill. 607; Welsch v. Werschem, 92 Ill. 115; Tomlinson v. Matthews, 98 Ill. 178; Goembel v. Arnett, 100 Ill. 34.

MR. JUSTICE BURROUGHS delivered the opinion of the court.
This case was first tried in the Circuit Court of Vermilion

County at the January term, 1896, resulting in a verdict and judgment in favor of appellee Watson. On appeal to this court, at the May term, 1896, that judgment was reversed and the case remanded (71 Ill. App. 130).

At the October term, 1897, of the Vermilion County Circuit Court, this cause was again tried before a jury, resulting in verdict against appellee Watson, and that verdict was set aside and the case continued. At the October term, 1898, the case was again tried by jury, resulting in a verdict and judgment in favor of appellee Watson, from which this appeal is prosecuted by the appellant, who urges a reversal of that judgment for the reason that the verdict is against the evidence, and that the court erred in its instructions to the jury.

The record shows that the appellant, a farmer, on the 14th, 15th and 16th of October, 1895, delivered to one Andrew, a grain buyer at Rossville, Illinois, 4,080 bushels of corn which was placed in his elevator, and for which Andrew was to pay him twenty-seven cents per bushel. On the 17th of October, 1895, Andrew absconded, and five days thereafter appellant sued out of the Circuit Court of Vermilion County a writ of attachment against Andrew, to recover the amount due him for the corn, and on the same day caused a levy to be made thereunder on certain cars of grain loaded from said elevator.

Appellee came into this attachment proceeding by interpleader, claiming to own the grain levied upon by purchase from Andrew on the 16th of October, 1895, of all the grain in the elevator, and that he had taken possession of same on the 21st of the same month. Appellant denied this claim, and on the issues thus raised all the trials have been had.

The evidence shows that on September 4, 1894, appellee Watson, a banker in Rossville, Illinois, leased to Andrew his (Watson's) elevator in that place, and agreed to loan to Andrew money, at the rate of seven per cent interest, with which to buy grain; that on the 16th of October, 1895, Andrew was insolvent and indebted to Watson in the sum of $13,881.59 for money loaned him to buy grain.

The evidence further shows that on the 21st of October, 1895, before the writ of attachment was levied, Watson took possession of all the grain in the elevator, including the grain afterward levied upon, and was in such possession when the levy was made.

The decision of this case rests upon the question of fact as to whether or not Andrew did sell to appellee Watson the grain in question, in satisfaction of his indebtedness to Watson. On this question the jury found in favor of Watson. We have carefully considered the evidence in this case, and while there is a conflict as to this fact, yet we think the evidence preponderates in favor of the appellee Watson, and the jury were warranted in finding as they did in his favor, hence their verdict should not be disturbed, unless for some error committed by the Circuit Court in its rulings on the instructions of which complaint is made.

It is insisted that the court erred in refusing to give to the jury two instructions offered by appellant. The first of these was properly refused, because it erroneously told the jury, in effect, that there could be no sale of personal property except by bill of sale or memorandum in writing.

As to the second refused instruction of appellant, we will say that, without commenting upon the correctness of the legal propositions therein contained, it is sufficient to say there was no evidence upon which to base it, hence it was properly refused.

Appellant urges no specific objection to instructions given on behalf of appellee Watson, except that several of them repeat the same proposition. We find that upon examination the court below was quite liberal in giving instructions on both sides, but on the whole, we think, the jury was fairly instructed.

Appellant and appellee Watson were each *bona fide* creditors of Andrew, and Watson, being the more vigilant, succeeded in getting Andrew to turn over to him all of his (Andrew's) property, worth only about one-third of Watson's claim against him. Such vigilance the law favors when no fraud is practiced, and the evidence fails to show

any fraud was perpetrated by Watson in this case to the prejudice of the appellant.

Finding no reversible error in this record, we affirm the judgment appealed from. Judgment affirmed.