## JEREMIAH H. WILLIAMS

*v.*

## LISTER ANDREW *et al.*

*Opinion filed April 17, 1900.*

1. SALES—*personal property may be sold without a memorandum in writing.* It is not necessary to the validity of a sale of personal property that there be a bill of sale or memorandum in writing.

2. DEBTOR AND CREDITOR—*vigilance, without fraud, is favored in law.* A creditor who, without fraud, induces the debtor to turn over his property to him in part satisfaction of his demand, and who takes possession of such property, is entitled to protection against a subsequent attaching creditor.

*Williams* v. *Andrew,* 84 Ill. App. 289, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. H. VANSELLAR, Judge, presiding.

C. M. BRIGGS, and WILSON & BUCKINGHAM, for appellant.

W. J. CALHOUN, and H. M. STEELY, for appellees.

Per CURIAM: In deciding this case the Appellate Court delivered the following opinion:

"This case was first tried in the circuit court of Vermilion county at the January term, 1896, resulting in a verdict and judgment in favor of appellee Watson. On appeal to this court, at the May term, 1896, that judgment was reversed and the case remanded. (71 Ill. App. 130.) At the October term, 1897, of the Vermilion county circuit court this cause was again tried before a jury, resulting in verdict against appellee Watson, and that verdict was set aside and the case continued. At the October term, 1898, the case was again tried by jury, resulting in a verdict and judgment in favor of appellee Watson, from which this appeal is prosecuted by the appellant, who urges a reversal of that judgment for the

reason that the verdict is against the evidence and that the court erred in its instructions to the jury.

"The record shows that the appellant, a farmer, on the 14th, 15th and 16th of October, 1895, delivered to one Andrew, a grain buyer at Rossville, Illinois, 4080 bushels of corn, which was placed in his elevator and for which Andrew was to pay him twenty-seven cents per bushel. On the 17th of October, 1895, Andrew absconded, and five days thereafter appellant sued out of the circuit court of Vermilion county a writ of attachment against Andrew to recover the amount due him for the corn, and on the same day caused a levy to be made thereunder on certain cars of grain loaded from said elevator. Appellee came into this attachment proceeding by interpleader, claiming to own the grain levied upon, by purchase from Andrew on the 16th of October, 1895, of all the grain in the elevator, and that he had taken possession of same on the 21st of the same month. Appellant denied this claim, and on the issues thus raised all the trials have been had.

"The evidence shows that on September 4, 1894, appellee Watson, a banker in Rossville, Illinois, leased to Andrew his (Watson's) elevator in that place, and agreed to loan to Andrew money, at the rate of seven per cent interest, with which to buy grain; that on the 16th of October, 1895, Andrew was insolvent, and indebted to Watson in the sum of $13,881.59 for money loaned him to buy grain. The evidence further shows that on the 21st of October, 1895, before the writ of attachment was levied, Watson took possession of all the grain in the elevator, including the grain afterwards levied upon, and was in such possession when the levy was made.

"The decision of this case rests upon the question of fact as to whether or not Andrew did sell to appellee Watson the grain in question in satisfaction of his indebtedness to Watson. On this question the jury found in favor of Watson. We have carefully considered the evidence in this case, and while there is a conflict as to

this fact, yet we think the evidence preponderates in favor of the appellee Watson, and the jury were warranted in finding, as they did, in his favor, hence their verdict should not be disturbed unless for some error committed by the circuit court in its rulings on the instructions of which complaint is made.

"It is insisted that the court erred in refusing to give to the jury two instructions offered by appellant. The first of these was properly refused, because it erroneously told the jury, in effect, that there could be no sale of personal property except by bill of sale or memorandum in writing. As to the second refused instruction of appellant, we will say that, without commenting upon the correctness of the legal propositions therein contained, it is sufficient to say there was no evidence upon which to base it, hence it was properly refused.

"Appellant urges no specific objection to instructions given on behalf of appellee Watson, except that several of them repeat the same proposition. We find that, upon examination, the court below was quite liberal in giving instructions on both sides, but on the whole we think the jury was fairly instructed.

"Appellant and appellee Watson were each *bona fide* creditors of Andrew, and Watson, being the more vigilant, succeeded in getting Andrew to turn over to him all of his (Andrew's) property, worth only about one-third of Watson's claim against him. Such vigilance the law favors when no fraud is practiced, and the evidence fails to show any fraud was perpetrated by Watson in this case to the prejudice of the appellant.

"Finding no reversible error in this record we affirm the judgment appealed from."

We concur in the foregoing views, and in the conclusion above announced. Accordingly, the judgment of the Appellate Court is affirmed.          *Judgment affirmed.*

Mr. JUSTICE BOGGS took no part in this decision.