## AKIN v. CHICAGO & N. W. RY. CO.

Circuit Court of Appeals, Eighth Circuit.
October 17, 1927.

### No. 7506.

1. **Carriers** ⊂⇒290(1)—Railroad held, as matter of law, not liable for passenger's injury, due to ice and wire on platform of coach, where no lack of care was shown.

Railroad *held*, as matter of law, not liable for personal injury of passenger, due to ice and wire on platform of passenger coach, where there was no proof that ice or wire came there through lack of due care of railroad, or was allowed to remain through lack of such care.

2. **Carriers** ⊂⇒290(1)—Injured passenger, suing railroad, must show railroad's knowledge of dangerous condition of coach platform for sufficient time to remove it.

Passenger of railroad train, injured in fall caused by ice on platform of passenger coach, in order to recover from railroad, must show that condition of platform was known, or should, in exercise of reasonable care, have been known, to defendant for sufficient length of time before accident to enable it, in exercise of reasonable care, to remove it.

In Error to the District Court of the United States for the District of Minnesota; John B. Sanborn, Judge.

Action by Charles D. Akin against the Chicago & Northwestern Railway Company. Judgment for defendant on directed verdict, and plaintiff brings error. Affirmed.

F. D. Larrabee, of Minneapolis, Minn. (Tautges & Wilder, of Minneapolis, Minn., on the brief), for plaintiff in error.

Leslie L. Brown, of Winona, Minn. (Stephen H. Somsen and Abbott W. Sawyer, both of Winona, Minn., on the brief), for defendant in error.

Before STONE and VAN VALKENBURGH, Circuit Judges, and POLLOCK, District Judge.

STONE, Circuit Judge. From a verdict directed against the plaintiff in a personal injury action, this writ of error is prosecuted.

This accident is alleged, in the amended petition, to have resulted from a fall caused by ice and a piece of wire upon the platform of one of defendant's passenger cars. The

controlling question on this review is whether the evidence was sufficient to carry the case to the jury. If it was, the trial court erred in directing a verdict for defendant.

The view of the testimony most favorable to plaintiff may be summarized as follows: At about 9 o'clock on a bright, cold morning in January, plaintiff boarded one of defendant's trains at Waseca, Minnesota, to go to the next station, Janesville, which was about 12 miles distant. There had been a light snow the preceding night. Plaintiff went up the front steps on the north side of the day coach and crossed through the closed vestibule into the smoking car just ahead. He did this without hesitation and noticed nothing out of the ordinary. There was a "little snow" on the steps and platform. "I suppose it was sucked up in there." At Janesville, he retraced his steps to leave the train by the same steps he had used on entrance. Several other passengers preceded him in entire safety. Just as he was passing through the vestibule between the smoker and the day car and when he had reached the front edge of the day coach platform one of his feet slipped suddenly a few inches into a piece of wire lying there, resulting in an entanglement of his feet and his being heavily thrown with consequent injury. Until he slipped, he had noticed nothing out of the ordinary about the platform floor. When he slipped he looked down instinctively and saw what looked like slippery ice and snow where he had slipped. This slippery surface had been concealed by the light covering of snow which he had before noticed. Right after the accident, a passenger who was boarding the same train platform, saw ice on the floor of the vestibule where footsteps had passed through the thin coating of snow. Also, a piece of wire was found on the platform after the accident.

[1, 2] The theory of plaintiff's case is that the ice caused his foot to slip into the wire and both feet to become abruptly tangled therein, thus causing his fall. The above evidence would sustain this theory. But before defendant can be held liable for negligence there must be proof that the ice or the wire came there through lack of due care of defendant or that either was allowed to remain there through lack of such care. As to the wire, there is little room for such contention. As to how or when the wire got there or how long it had been there, the evidence is entirely silent. The same situation is true as to the ice except for the natural inference that it had not formed instantaneously but must have been there for some period of time.

But, even though it had been there some time, there is no proof that it was discoverable by defendant in the exercise of due care. All witnesses who saw this ice agree that it was covered by a slight layer of fine snow which had sifted into the vestibule and that it was visible only where uncovered by footsteps which had disturbed the snow. It was necessary for plaintiff to show that such condition was known or should, in the exercise of reasonable care, have been known to defendant for a sufficient length of time before the accident to enable it, in the exercise of reasonable care, to remove it. Not only has plaintiff failed to show this latter fact, but all of the evidence, including his own, is strongly to the effect that the presence of the ice was so concealed by a thin coating of snow, that it was not observable. Plaintiff testifies that he had boarded the train at the last stop before the one where the accident happened; had passed over this very spot without observing the ice; that others had preceded him when he boarded the train and when he left it at the time of the accident and, apparently, no one had been conscious of the ice being there. There is no reason to suppose that the trainmen were apprised of the existence of the ice and there is no presumption that they should have been and their testimony is that there was no ice.

We think the failure of proof in this respect justified the court in directing the verdict and that the judgment should be and, therefore, is affirmed.