WABASH RAILWAY COMPANY *v.* BIXBY, ADMINISTRATOR.

[No. 13,062.   Filed October 10, 1928.]

*Fred H. Bowers, Milo M. Feightner* and *Lee M. Bowers,* for appellant.

*Charles R. Haller* and *Sapp, Sees & Glenn,* for appellee.

McMAHAN, J.—This is an action by appellee as administrator of the estate of Charles E. Knee, on behalf

of the next of kin of his decedent, to recover damages for the death of the latter, alleged to have been caused by the negligence of appellant. The complaint discloses that, at the time of the accident and death of the decedent, he was in the employ of the United States as a mail carrier. Appellant contends the court erred in overruling its demurrer to the complaint, because it is not alleged the dependents of the decedent were not receiving compensation as provided by law for employees of the government. There is no merit in this contention. If such dependents were, in fact, receiving compensation from the government, and appellant thought that was a bar to the action, it should have been presented by answer.

Appellant's instruction 7, which the court refused to give, related to the effect of concurrent negligence, and was sufficiently covered by instruction 12 given at the request of appellant.

Instructions 22 and 23 tendered by appellant were to the effect that the fact that a railroad maintains gates which are up at the time a traveler is approaching a crossing does not relieve such traveler from all care for his safety, and that, although the gates are up, the traveler must use his senses of hearing and sight to determine whether a train is approaching. These instructions were also covered by those given by the court.

Instruction 10 given by the court on its own motion was to the effect that when a person is, by the negligence of another, placed in a position of peril, and is compelled to make choice between hazards and is injured, the fact that he would not have been injured had he chosen the other hazard would not of itself show negligence, correctly stated the law upon that subject.

The next contention is that the court erred in overruling appellant's motion for judgment on the jury's

answers to interrogatories. The jury, in answer to one interrogatory, found that if the decedent had looked to the east at the time he was crossing a sidetrack, which was about twenty-seven feet from the track on which the train which struck and killed him was approaching from the east, he could have seen the train. Appellant's contention that this answer conclusively shows the decedent was guilty of contributory negligence is not well taken. Appellant was traveling south in an automobile, and, at the time in question, he, in the exercise of reasonable care, might have been looking in the opposite direction, and, after so doing, there may have been obstructions to his view to the east which prevented his seeing the train in time to have prevented the accident. The answers of the jury do not, as a matter of law, show that the decedent was contributorily negligent.

No good purpose can be gained by a review of the evidence. It is ample to sustain the verdict.

Judgment affirmed.