INDIANA SERVICE CORPORATION *v.* SCHAEFER.

[No. 15,080.   Filed January 7, 1936.]

*Simmons & Simmons, Barrett & Barrett, Phil M. McNagney* and *Leigh L. Hunt,* for appellant.

*James P. Murphy* and *Eggeman, Reed & Cleland,* for appellee.

BRIDWELL, J.—Appellee brought this action against appellant to recover damages for personal injuries sustained when an automobile in which she was riding was in collision with a street car operated by appellant, alleging in her complaint that her injuries were incurred by reason of negligence on the part of appellant in the operation of said street car.

The complaint was answered by general denial. Upon the issues thus formed the cause was submitted to a jury for trial and there was a verdict in favor of appellee for $2,500. Appellant duly filed its motion for new trial which was overruled, and appellant excepted.

Judgment was rendered on the verdict, and, thereafter, this appeal perfected, the error assigned and relied upon for reversal being alleged error in overruling the motion for a new trial.

Appellant in its brief expressly waives any claimed errors alleged in its motion for a new trial except such as relate to the giving of certain designated instructions to the jury as stated in causes numbered (4) and (5) of its said motion. Appellee asserts that the instructions cannot be considered because they are not properly in the record. It is contended that the instructions have not been made a part of the record in accordance with any statutory provision for so doing; that it does not affirmatively appear that all the instructions given are in the record; that they are not brought into the record by appellant's bill of exceptions number 1, for the reason that the record does not show that said bill was filed with the clerk of the court below after it was signed by the trial judge.

An examination of the transcript filed in this court discloses that there is embodied therein what purports to be appellant's bill of exceptions number 1, containing the instructions, which bill is authenticated by the signature of the trial judge. Said bill specifically shows that at the conclusion of the evidence and before the argument commenced, the plaintiff and the defendant, each acting separately, requested in writing that the court instruct the jury in writing only and indicate before the commencement of the argument such instructions as would be given and refused. It also appears from said bill that the plaintiff requested the giving of sixteen instructions tendered by her and numbered consecutively from 1 to 16, both inclusive; that the defendant requested the giving of twenty instructions tendered by it and numbered consecutively from 1 to 20, both inclusive; that the court gave to the

jury each of the instructions so tendered by the respective parties, and, in addition, gave eleven instructions of its own motion numbered consecutively from 1 to 10, both inclusive (one of such instructions being numbered 5½), and that these instructions, heretofore mentioned, were all of the instructions given in said cause. The instructions so given are each set forth in said bill of exceptions, and it further appears in said bill that the defendant (appellant), at the time, excepted separately and severally to the giving of each of said instructions so given, except as to those instructions tendered by it. It also affirmatively appears in said bill that the same was presented to the trial judge for his approval on the 25th day of July, 1933, "and within the time heretofore allowed by the court for filing bills of exceptions," and that it was approved and signed by said judge on said date.

The contention made that the record does not disclose that said bill was filed with the clerk of the court below after it was signed by the trial judge, is not sustained by the record, as the transcript discloses an order book entry showing the filing of said bill of exceptions number 1, containing the instructions, with the clerk of the court after the same had been "approved, signed, and sealed," by the judge thereof. We are of the opinion that the instructions have been properly brought into the record by said bill of exceptions, and having reached this conclusion it is unnecessary to determine whether they are likewise in the record under any other method provided by law.

Instruction numbered 9, tendered by appellee and given by the court, is as follows:

"The court instructs the jury that where a street railway company is engaged in operating its street cars upon iron tracks laid in the public streets of a city, it is its duty to use reasonable and ordinary care to so control and man-

age its cars as to avoid colliding with other vehicles who may be traveling in the streets, on or in the vicinity of its tracks. The degree of care to be used is not always the same under all varying conditions, but where the danger to be guarded against is great, then the care must be commensurate therewith. The degree of care is greater in a populace part of a city and in those parts where large numbers of persons and vehicles are constantly passing than in those parts sparsely populated and where there are few persons and vehicles passing; the rule being that reasonable care must always be exercised and reasonable care is such care as a reasonably careful and prudent person would exercise under the same or like circumstances."

This instruction cannot be approved; it erroneously informs the jury that "the degree of care to be used is not always the same under all varying conditions, but where the danger to be guarded against is great, then the care must be commensurate therewith." It goes further and informs the jury that "the degree of care is greater in a populace (populous) part of a city and in those parts where large numbers of persons and vehicles are constantly passing than in those parts sparsely populated and where there are few persons and vehicles passing." The duty which the law imposed upon appellant at the time of appellee's injury was a duty to exercise ordinary care in the operation of its street car. This duty does not change or vary, and its violation constitutes negligence, but in this state we have no degrees of negligence, and it necessarily follows that there can be no degrees of duty. The care required under *all* circumstances is ordinary care in view of existing conditions. It is true that conduct which would constitute ordinary care under some circumstances would wholly fail to measure up to the standard of such care under different circumstances and conditions. However, whatever the facts, only that care which a person of ordinary prudence would exer-

cise under like circumstances is required, and when such care is exercised the duty imposed by the law is fulfilled. We are of the opinion that the instruction is both confusing and misleading, and in its terms contradictory, leaving the jury without any definite or correct instruction of the subject matter for its guidance. *Indianapolis Street Railway Co.* v. *Taylor* (1905), 164 Ind. 155, 72 N. E. 1045; *Union Traction Co.* v. *Berry* (1919), 188 Ind. 514, 121 N. E. 655, 124 N. E. 737; *Martin* v. *Lilly* (1919), 188 Ind. 139, 121 N. E. 443; *Rump* v. *Woods* (1912), 50 Ind. App. 347, 98 N. E. 369.

By instruction number 12, the court instructed the jury that if it "should find from a preponderance of evidence in this cause that the motorman in charge of defendant's street car which collided with the vehicle in which plaintiff was riding, did not use reasonable care in operating such car as it approached the point of collision, and in watching for vehicles, and that as soon as it became apparent that the driver of the vehicle in which plaintiff was riding was in danger of being struck, the defendant did not use reasonable care in attempting to control said street car and avoid a collision, and you further find that plaintiff was free from negligence contributing to such collision, then, if you so find, the defendant would be liable." It is to be noted that this instruction entirely ignores the element of proximate cause, and informs the jury that upon the proof of certain facts therein enumerated, appellant would be liable. It is well settled that a person is legally liable for negligent conduct only when his negligence is a proximate cause of the injury suffered. The instruction is mandatory in character, and when such an instruction wholly omits an essential element necessary to be proven in order to establish liability and permit recovery, it is erroneous. *Indianapolis Street Railway Company* v. *Ray* (1906), 167 Ind. 236, 78 N.

E. 978; *Lake Shore, etc., R. Co.* v. *Johnson* (1909), 172 Ind. 548, 88 N. E. 849; *Indianapolis Traction, etc., Co.* v. *Mathews* (1912), 177 Ind. 88, 97 N. E. 320; *Holliday & Wyon Co.* v. *O'Donnell* (1913), 54 Ind. App. 95, 104, 101 N. E. 642; *Union Traction Co.* v. *Elmore* (1917), 66 Ind. App. 95, 98, 116 N. E. 837; *Goodwine* v. *Ayres* (1922), 78 Ind. App. 396, 136 N. E. 24; *Lauer* v. *Roberts* (1934), 99 Ind. App. 216, 192 N. E. 101.

Appellee contends that instruction number 12 is not mandatory because it does not direct a verdict for appellee, but it does tell the jury that if the facts therein mentioned were proven, the defendant would be liable, which, in legal effect, amounts to the same thing. It is also asserted that even though an essential element, before recovery could be had, was omitted from the particular instruction that "if that element was supplied elsewhere in the instructions, the instruction would not be erroneous." Where an instruction of this character is given, informing the jury that on proof of certain facts liability exists, and an essential element or fact is omitted, the error committed is not cured and rendered harmless by the giving of other explanatory instructions or others that state the law correctly. (See authorities last cited.)

Other instructions given are claimed to be erroneous, but in view of the conclusion reached and because of the fact that the subject matter of each of such instructions has been often discussed in prior decisions of our Supreme Court and this court, we forbear any further discussion of instructions given.

Affirmance is sought by appellee on the ground that the right result was reached in the court below, notwithstanding any error committed in the giving of instructions, and it is argued that such error, if any, was not prejudicial. We have read the evidence, and find that part of it which relates to the

conduct, immediately prior to such collision, of the operators of the two vehicles which collided, so conflicting that we cannot say that the evidence of defendant's negligence is so clear and conclusive as to justify this court in saying that the verdict could not have been different had the erroneous instructions not been given.

Judgment reversed with instructions to sustain appellant's motion for a new trial.