CHANDLER *v.* KRANER

[No. 17,558.   Filed June 11, 1947.   Rehearing Denied
September 29, 1947.]

*Moran & Abromson,* of Portland, and *Samuel J. Kagan,* of Indianapolis, for appellant.

*Charles W. Symmes, Frank A. Symmes, Frank A. Symmes, Jr.,* all of Indianapolis, and *Roscoe D. Wheat,* of Portland, for appellee.

HAMILTON, J.—This is an appeal from a judgment for the appellee in an action instituted by appellant against appellee to recover for damages to appellant's automobile as a result of a collision between said automobile and a motor truck owned by appellee.

The collision occurred on State Road 67, near the airport south of Anderson, in Madison County, Indiana, where said truck had stopped because of mechanical motor trouble and was left standing unattended and without lights on the right hand side of the road and in the north traffic lane used by traffic traveling said high-

way between Muncie and Indianapolis. Appellant drove his automobile into the rear end of said truck.

The cause was tried to a jury, which returned its general verdict in favor of appellee. Judgment was rendered upon the verdict and this appeal prosecuted.

The sole error assigned is the overruling of appellant's motion for a new trial, which assigns as reasons therefor: (a) That the verdict is not sustained by sufficient evidence; and (b) is contrary to law; (c) error in the giving of instructions and (d) error in the admission of certain evidence.

Under his first proposition appellant seeks to present error in instructions 8, 15, 17, 18, 21, and 22, given to the jury by the court upon its own motion, in the undue repetition of the phrase, "to find for the defendant," in the event certain facts stated in the instructions were found by the jury to be true. It is appellant's contention that such repetition constituted prejudicial error to appellant, citing *Keeshin Motor Express Co.* v. *Glassman* (1942), 219 Ind. 538, 553, 32 N. E. (2d) 122, 38 N. E. (2d) 847; and *Fowler* v. *Wallace* (1891), 131 Ind. 347, 350, 31 N. E. 53.

We think that there is merit in appellant's contention. However, an examination of the record discloses that at the trial of said cause, the appellant failed to make any specific objections to either of the above numbered instructions because of such undue repetition or for any other specific reason as required by Rule 2-17, Revised Rules of the Supreme Court.

Our Supreme Court in the recent cases of *Allman* v. *Malsbury* (1946), 224 Ind. 177, 65 N. E. (2d) 106; and *McCague* v. *New York, C. & St. L. R. Co.* (1947), 225 Ind. —, 71 N. E. (2d) 569, has expressly held that there must be a literal and strict compliance with this rule and that no objections to instruc-

tions can be considered by an appellate court, except such as have been specifically worded and stated in the trial court. Therefore, we hold that appellant has failed to reserve any question for review with reference to the instructions mentioned.

Appellant assigns error in the giving to the jury of instruction No. 17, upon the court's own motion. This instruction reads as follows:

"You are further instructed that on November 19, 1944, sometime prior thereto and is now, a statute in force in the State of Indiana, same being Section 47-2237, Burns' Revised Statutes, 1933, which reads as follows:—*

" 'Display of warning devices when vehicle disabled—lighted lamps required—

" 'Whenever any motor truck, passenger bus, truck, tractor, trailer, semitrailer, or pole trailer is disabled upon the traveled portion of any highway or the shoulder thereof outside of any municipality at any time when lighted lamps are required on vehicles, the driver of such vehicle shall display the following warning devices upon the highway during the time the vehicle is so disabled on the highway except as provided in subsection (b).

" '1. A lighted fusee shall be immediately placed on the roadway at the traffic side of the motor vehicle, unless electric lanterns are displayed.

" '2. Within the burning period of the fusee and as promptly as possible, three (3) lighted flares (pot torches) or three (3) electric lanterns shall be placed on the roadway as follows:

" 'One at a distance of not' less than one hundred (100) feet in advance of the vehicle, one (1) at a distance of not less than one hundred (100) feet to the rear of the vehicle, each in the center of the lane of traffic occupied by the disabled vehicle, and one (1) at the traffic side of the vehicle.'

(* Quoted verbatim from transcript.)

"*if you find from the evidence and by a preponderance thereof, that the defendant fully complied with the above statute, then your verdict should be for the defendant.* If, however, you find that the defendant failed .to comply with the above statute, and that the plaintiff was free from contributory negligence, then your verdict should be for the the plaintiff." (Our italics.)

Appellant's written objection to this instruction was that:

"This instruction, in substance, informs the jury that if the defendant had complied with the provisions of the statute set out in the instruction that that was the full measure of his duty and to that extent it is peremptory. Complying with the statute would not be the full measure of duty of the defendant if in addition thereto a reasonable prudent person would have taken additional precaution."

The complaint contained separate charges of negligence, one of which is as follows:

"a. *Said defendant negligently and unlawfully parked said truck upon the travelled portion of said highway contrary to reasonable and prudent care* and the Statutes of the State of Indiana. (§ 47-2120 Burns' 1933)." (Our italics.)

Instruction 17 entirely ignored the charge of negligence above italicized charging a failure to exercise reasonable and prudent care in parking the truck upon the traveled portion of the highway and informed the jury that if the defendant fully complied with § 47-2237, Burns' 1933, requiring the placing of lighted flares and fusees upon the highway during the time a motor vehicle is parked thereon while disabled, which constituted one of the acts of negligence charged in the complaint, their verdict should be for the defendant, notwithstanding the fact that the defendant

may have been guilty of other negligence charged against him.

It is well settled that the omission in an instruction, which directs a verdict, of one or more facts or elements necessary to a recovery by a party in whose favor a verdict is directed renders such instruction erroneous, and the omission cannot be supplied in other correct instructions. *Fox* v. *Barekman* (1912), 178 Ind. 572, 580, 99 N. E. 989; *Indianapolis Traction, etc., Co.* v. *Mathews* (1912), 177 Ind. 88, 105, 97 N. E. 320; *American, etc., Tin Plate Co.* v. *Bucy* (1909), 43 Ind. App. 501, 504, 87 N. E. 1051; *Union Traction Co.* v. *Elmore* (1917), 66 Ind. App. 95, 98, 116 N. E. 837; *Indiana Service Corp.* v. *Schaefer* (1936), 101 Ind. App. 294, 300, 199 N. E. 158.

Furthermore, it is well settled that the giving of an erroneous instruction is presumed to be prejudicial to the complaining party, and the error can be cured only by a withdrawal of the erroneous in-struction. *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105, 124, 88 N. E. 1073, 89 N. E. 485; *Midwest Motor Coach Co.* v. *Elliott* (1932), 95 Ind. App. 64, 67, 182 N. E. 541; *Bonham* v. *Mendenhall* (1934), 98 Ind. App. 189, 193, 188 N. E. 695; *Northern Indiana Power Company* v. *West, Admx.* (1941), 218 Ind. 321, 338, 32 N. E. (2d) 713.

In this case the appellant was entitled to recover if the jury found that appellant was guilty of the act of negligence charged in the complaint in failing to exercise reasonable and prudent care in parking his truck upon the traveled portion of the high-way, notwithstanding the fact that appellant complied with the statute requiring flares and fusees to be placed upon the highway. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 459, 78 N. E. 1033; *Johnnie J.*

*Jones Exposition* v. *Terry* (1945), 116 Ind. App. 189, 63 N. E. (2d) 159. The court erred in giving instruction No. 17 to the jury.

Appellee insists that appellant cannot predicate error upon the giving of instruction No. 17 for the reason that appellant failed to tender an instruction covering the subject matter omitted from said instruction No. 17. The rule relied upon by appellee applies only in cases where complaint is made of the giving of a correct but incomplete instruction, in which instance it is incumbent upon the complaining party to tender a more complete instruction covering the same subject· matter before he can predicate error upon the giving of the incomplete instruction. *Vogel* v. *Ridens* (1942), 112 Ind. App. 493, 503, 44 N. E. (2d) 238; *Mitchell* v. *Godsey* (1941), 109 Ind. App. 399, 403, 32 N. E. (2d) 745. However, this rule has no application where the question involved is the giving of an erroneous instruction. *Indiana Service Corp.* v. *Schaefer, supra; Indianapolis Traction, etc., Co.* v. *Mathews, supra.*

Appellant also assigns error in the admission over his objection of certain evidence. As the same question need not arise upon a re-trial of the cause, it is not necessary in this opinion to discuss such question.

For the reasons stated the court erred in overruling appellant's motion for a new trial.

Judgment reversed with instructions to grant a new trial.

CRUMPACKER, P. J.—Not participating.

NOTE.—Reported in 73 N. E. (2d) 490.