STAVROPOULOS ET AL. *v.* OWENS

[No. 18,012. Filed June 28, 1950. Rehearing denied September 12, 1950. Transfer denied October 20, 1950.]

*Thomas H. Branaman* and *Bruce Markel, Jr.*, both of Brownstown, for appellants.

*Coulter Montgomery,* of Seymour, *William H. Dobbins,* of Columbus, and *Frank Hamilton* (of counsel), of Greensburg, for appellee.

DRAPER, J.—The appellee was injured in an intersection collision between a tractor-trailer outfit driven by him and an automobile driven by appellants. Trial to a jury resulted in a $15,000 verdict.

In the judge's certificate to the bill of exceptions containing the evidence, there is no recital to the effect that the bill contains all the evidence given at the trial, nor are there any words of like import. However, following the recital of the evidence appears the statement "And this was all the evidence given in the cause." Then follows the judge's certificate to the bill. Under *Kist* v. *Coughlin* (1944), 222 Ind. 639, 57 N. E. 2d 199, 57 N. E. 2d 586 and *Hayes Freight Lines* v. *Oestricher* (1946), 117 Ind. App. 143, 66 N. E. 2d 612, 68 N. E. 2d 792, this was sufficient to authenticate the bill as one which contained all the evidence and the only evidence given in the cause.

Like most cases arising out of the collision of motor vehicles at a highway intersection, the evidence was sharply conflicting, and the case involved questions of negligence, contributory negligence and proximate cause. The appellant tendered an instruction defining "proximate cause," the correctness of which is not challenged. The court refused to give it, and gave no other instruction defining it. We think the instruction should have been given.

The appellee tendered and the court gave the following instruction:

"You are instructed that if the driver of the defendant, Mike Melonakos' automobile failed to stop said automobile at the entrance to United

States Highway Number 31 where Indiana State Highway Number 9 enters same from the east, and failed to yield the right of way to the motor vehicle operated by the plaintiff, and that said motor vehicle operated by the plaintiff was approaching so closely on said United States Highway Number 31 as to constitute an immediate hazard, as defined by the statutes as before stated, then and in that event the defendants would be guilty of negligence as charged in the amended complaint and your verdict should be for the plaintiff.

"You are further instructed that if the driver of defendants' automobile failed to stop in obedience to a stop sign erected at the entrance of Indiana State Highway Number 9 where same enters into United States Highway Number 31 and that the driver of said automobile, belonging to Mike Melonakos, failed to proceed cautiously and failed to yield the right of way to the vehicle operated by the plaintiff, as defined by the statutes as before stated, and the vehicle operated by the plaintiff was approaching so closely as to constitute an immediate hazard, then and in that event the defendants would be guilty of negligence as charged in the plaintiff's amended complaint and your verdict should be for the plaintiff."

The appellants objected to the giving of this instruction for the reason, among others, that "said instruction is mandatory in form and directs a verdict for the plaintiff without any consideration of contributory negligence by the plaintiff" and that "said instruction directs a verdict for the plaintiff without consideration of any facts relating to plaintiff's conduct at the time and before the collision."

The instruction is mandatory in form and assumes to set out all the elements essential to a recovery, but it omits any reference to the element of contributory negligence, the existence of which would deprive the appellee of a right to recover, if it contributed proximately to his injury. *Cousins* v. *Glass-*

*burn* (1940), 216 Ind. 431, 439, 24 N. E. 2d 1013. The instruction is erroneous. *Moorman Mfg. Co.* v. *Barker* (1942), 110 Ind. App. 648, 40 N. E. 2d 348; *Chandler* v. *Kraner* (1947), 117 Ind. App. 538, 73 N. E. 2d 490; *Cochran* v. *Wimmer* (1949), 118 Ind. App. 684, 81 N. E. 2d 790; *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 115 N. E. 577. Other asserted deficiencies in the instruction need not be considered.

Any error with regard to the giving or refusal of other instructions is not likely to again occur. On the record before us we cannot say the appellant was not harmed by the errors above pointed out.

Judgment reversed and cause remanded with instructions to sustain appellants' motion for new trial.

NOTE.—Reported in 93 N. E. 2d 212.