**NINNI v. PENNSYLVANIA GREYHOUND LINES, Inc.**

No. 9480.

United States District Court
E. D. Michigan, S. D.

April 30, 1951.

Irwin I. Kasoff, Elmer H. Groefsema, Detroit, Mich., for plaintiff.

·Alexander, Cholette, Buchanan, Perkins & Conklin, Detroit, Mich., for defendant.

LEDERLE, Chief Judge.

This case is presently before the court for determination of defendant's motion for summary judgment of no cause of action based upon the complaint, the answer and deposition of plaintiff taken by defendant. From these sources, the following facts appear undisputed:

(A) Plaintiff, a citizen of Arizona, seeks judgment against defendant, an interstate motor bus carrier incorporated in the state of Pennsylvania, for damages in excess of $3,000 resulting from injuries received by plaintiff while a passenger of defendant's bus which was stopped at a bus terminal in Indiana during the course of a trip from Arizona to Michigan on June 6, 1948.

(B) As the bus traveled through Indiana, plaintiff sat near the rear of the bus with his suitcase resting upon a rack above him. A seat became vacant in the front of the bus, and plaintiff moved thereto, leaving his suitcase on the rack toward the rear of the bus. Between the hours of six and seven p. m., the bus pulled into the last station before reaching Terre Haute. Indiana, and the bus driver and some of the passengers alighted from the bus. Plaintiff remained seated in the bus. Almost immediately upon alighting from the bus, one of plaintiff's fellow passengers was struck by a second bus, and the driver of the bus in which plaintiff was seated went to the assistance of such injured person. The driver assisted her into the station, where he was engaged for about twenty minutes as a result of this accident. During this time the bus was unattended.

(C) During the time the driver was absent from the bus and so occupied in the station, plaintiff decided to bring his suitcase from the rear to the front of the bus. He walked to the rear of the bus through a clear aisleway. He lifted his suitcase down from the rack, held it in front of him and turned to walk to the front of the bus. At his first step toward the front of the bus, he stumbled over a suitcase which a new passenger had deposited

in the aisleway. This latter passenger had entered the bus during the time that plaintiff was walking from the front to the rear.

(D) The driver of the bus was neither in nor near the bus at the time plaintiff walked to the rear of the bus as the new passenger entered and deposited his suitcase in the aisle. The bus driver first learned of this occurrence when he returned to the bus about ten minutes later and was advised by plaintiff that plaintiff had fallen over such suitcase and been injured. The bus driver immediately turned the lights on in the bus, picked up the suitcase from the aisleway and placed it upon the baggage rack.

(E) Plaintiff's right leg and arm were cut and bruised. He was furnished first aid treatment by a physician at defendant's Terre Haute bus terminal and visited a private physician upon his arrival in Detroit.

(F) Plaintiff contends that defendant is liable to respond to him in damages for these injuries, claiming that they resulted through defendant's negligence.

This being an action between citizens of different states where the amount in controversy exceeds $3,000, this court has jurisdiction under 28 U.S.C.A. § 1332 because of diverse citizenship and amount involved.

■ The accident having occurred in the state of Indiana, the law of that state should be followed as the *lex loci delicti* in determining whether defendant is legally responsible for plaintiff's injuries. 11 Am. Jur. 490 et seq.

■ As stated in Swallow Coach Lines v. Cosgrove, 1938, 214 Ind. 532, 15 N.E.2d 92, at page 95: "it is the general duty of a carrier for hire to safely transport its passengers, and that duty is discharged when it has exercised reasonable and ordinary care to that end, under all the surrounding circumstances. * * * Union Traction Co. v. Berry, 1919, 188 Ind. 514, 121 N.E. 655, 124 N.E. 737, 32 A.L.R. 1171." To the same effect, see Midwest Motor Coach Co. v. Elliott, 1932, 95 Ind.App. 64, 182 N.E. 541.

■ From the pleadings and plaintiff's deposition and admissions, it appears that there is nothing in this case which could be submitted to a jury as a basis for a determination that defendant did not exercise reasonable and ordinary care, that is, that defendant did, or omitted to do, any act which a reasonably prudent person would not have, or would have, done under like and similar circumstances. The case is squarely within the general rule of law expressed thus in 10 Am.Jur. on Carriers, Section 1307: "The liability of a carrier for an injury to a passenger caused by the obstruction of a car aisle or platform by property of another passenger arises only in case the carrier has been negligent in permitting the obstruction. Ordinarily, the carrier is liable only where one of its employees in charge of the car knows of the obstruction in time to have it removed before it can cause injury or where the obstruction exists for such a length of time that an employee, in the proper discharge of his duties, should know of its presence. The fact that a conductor allows a passenger to set down his handbag in the aisle of the car will not of itself constitute negligence as a matter of law, although the surrounding circumstances may make the continued presence of such obstacle in the aisle a sufficient basis upon which to predicate a finding of negligence in the carrier."

That this general rule of law is recognized in Indiana appears from the following excerpt from Pittsburgh, C., C. & St. L. Ry. Co. v. Rose, 1907, 40 Ind.App. 240, 79 N.E. 1094, at page 1099, viz.: "And it has been held that, where a passenger stumbles over a valise left in the aisle by a fellow passenger, the carrier was not bound to anticipate such peril, and is not bound to keep a servant in each car, and that he can be held liable for injury resulting from such cause only after he has had a reasonable opportunity to discover and remove the dangerous obstacle." See also: Evans v. S. S. Kresge Co., 1940, 290 Mich. 698, 288 N.W. 322, 291 N.W. 191; Bassell v. Hines, 6 Cir., 1929, 269 F. 231, 12 A.L.R. 1361; Akin v. Chicago & N. W. R. Co., 8 Cir., 1927, 21 F.2d 1000; Livingston v. Atlantic Coast Line R. Co., 4 Cir., 1928, 28 F.2d 563.

■ In an attempt to take this case outside the general rule so expressed, plaintiff has cited Sections 193.1, et seq., ICC

Motor Carrier Regulations, found in Sections 2652 and 2671 of CCH Federal Carriers Reporter, which provide as follows:

"Section 193.1 *Compliance Required* Every motor carrier and his or its·officers, agents, employees, and representatives concerned with the transportation of persons or property by motor vehicle, shall comply with the following regulations in this part and shall become conversant therewith.

\* \* · \* \* \* \*

"Section 193.9 *Safe Loading*

\* .\* \* \* \* \*

"(d) Loading of buses: All baggage, freight, or express carried in any bus shall be so loaded as not to interfere with the free and ready entering or leaving of such bus, and shall be so stowed as to prevent falling onto or against any passenger."

These requirements must be given a reasonable interpretation in the light of the situation presented, and where, as here, the bus driver is necessarily absent from a parked bus for a few minutes, the bus company is not required to keep up a continuous inspection of the bus and of the actions of normal passengers to insure that passengers do not momentarily place luggage in the aisle. The bus driver must have a reasonable time and opportunity to see that baggage is so loaded as not to interfere with the free and ready entering or leaving of such bus. In this case, the driver was necessarily absent and had neither reasonable time nor reasonable opportunity to clear the aisle between the time a fellow passenger deposited his suitcase in the aisle and the time when plaintiff stumbled over it seconds later.

It appears to this court as a matter of law that defendant exercised reasonable and ordinary care under all the surrounding circumstances. Accordingly, defendant is entitled to a summary judgment of no cause of action as a matter of law under the provisions of Fed. Rules Civ.Proc. rule 56, 28 U.S.C.A.

### Judgment

In accordance with the foregoing memorandum,

It Is Hereby Ordered And Adjudged that the plaintiff has no cause of action against defendant and therefore plaintiff shall recover nothing from defendant.