Henry D. O'CONNOR, guardian of
William C. Casey, a minor

v.

ALAN WOOD STEEL COMPANY,
Robert E. Lamb and Son, Inc.

and

F. E. Smith, Inc.

No. 20642.

United States District Court
E. D. Pennsylvania.

Feb. 7, 1957.

Edmund V. Ludwig, Philadelphia, Pa.,
for F. E. Smith, Inc., third-party defendant.

Peter Liebert, Philadelphia, Pa., for
Alan Wood Steel Company, defendant.

WELSH, District Judge.

This is a motion of third-party defendant, F. E. Smith, Inc., to dismiss the third-party complaint of Alan Wood Steel Company insofar as it relates to a claim for indemnity.

The original complaint against the defendants, Alan Wood Steel Company and Robert E. Lamb & Son, Inc., discloses that on November 3, 1954 William C. Casey, a minor while in the employ of third-party defendant, F. E. Smith, Inc., was injured by an overhead crane operated by an employee of United Engineers and Constructors, Inc., and owned by the landlord, Alan Wood Steel Company (third-party plaintiff).

Defendant, Alan Wood Steel Company, filed an answer to the complaint and denied liability.

Subsequent to filing its answer Alan Wood Steel Company filed a third-party complaint against minor plaintiff's employer, F. E. Smith, Inc., wherein contribution or indemnity is sought.

The instant motion of third-party defendant for a dismissal of the third-party complaint insofar as it relates to a claim for indemnity is based on the theory that "there are no facts set forth in the third-party complaint which would give rise to either a common law or a contractual right of indemnification".

1. The third-party complaint alleges that the negligence of third-party defendant caused or contributed to the injury of the minor plaintiff and alleges further that in the event there is evidence introduced at trial from which a jury may find a verdict in favor of plaintiff against defendant, Alan Wood Steel Company, the said defendant demands judgment against third-party defendant, F. E. Smith, Inc., by way of contribution and/or indemnity for all sums awarded in favor of plaintiff against the said defendant.

2. These allegations make it clear (a) that the third-party complaint of Alan

Wood Steel Company does not become operative unless and until the jury finds said third-party plaintiff guilty of negligence and that its negligence was the proximate cause of the injury to minor plaintiff and assesses damages against it and (b) that if the jury finds the third-party defendant was also guilty of negligence and its negligence *contributed* to the injury of minor plaintiff third-party plaintiff is entitled to contribution. Maio v. Fahs, 339 Pa. 180, 14 A.2d 105.

3. The sole question presented is: "Do the allegations of the third-party complaint set forth in subdivision 1 hereof show a claim upon which indemnity can be granted?" We think they do. Specifically, the allegation in the third-party complaint to the effect that the negligence of third-party defendant *caused* the injury to minor plaintiff does not mean its *sole* negligence caused said injury, for proof of said allegation would render the third-party complaint inoperative. It means, we think, assuming the jury finds negligence against third-party plaintiff, that the negligence of third-party defendant caused the injury to minor plaintiff under such circumstances as to make third-party defendant primarily liable and third-party plaintiff secondarily liable and thus entitle third-party plaintiff to indemnity.

4. The instant motion will accordingly be denied.