Charles G. ROTH, Administrator of the Estate of Elizabeth Laurie Scott Roth, Deceased,

v.

The GREYHOUND CORPORATION, Defendant and Third-Party Plaintiff, GATEWAY TRANSPORTATION COMPANY, Third-Party Defendant.

Civ. A. No. 21038.

United States District Court E. D. Pennsylvania.

March 8, 1957.

Markel & Sullivan, Norristown, Pa., for plaintiff.

Richard E. McDevitt, and John J. O'Donnell, Philadelphia, Pa., for defendant.

Ambler, Detweiler & Walsh, Philadelphia, Pa., for third-party defendant.

VAN DUSEN, District Judge.

This case is before the court on motion of third-party defendant, Gateway Transportation Company (hereinafter called "Gateway"), to dismiss the third-party complaint of the defendant, third-party plaintiff, The Greyhound Corporation (hereinafter called "Greyhound").

Plaintiff, Charles G. Roth, Administrator of the Estate of Elizabeth Laurie Scott Roth, deceased, brought this action against the defendant for the wrongful death of the deceased pursuant to the Indiana Wrongful Death Statute.

Plaintiff's complaint alleges that he is a citizen of the Commonwealth of Pennsylvania, that the defendant is a corporation incorporated under the laws of the State of Delaware, and that the accident in which the plaintiff's decedent was killed occurred in Indiana while decedent was riding as a passenger in a bus of the defendant on October 15, 1955, on U. S. Route 20, approximately six miles east of Michigan City, Indiana.

Defendant filed a third-party complaint against Gateway, alleging that such accident "was caused solely by negligence of the Gateway Transportation Company, third-party defendant, in parking his vehicle partly on a public highway and in failing to maintain proper flares to warn approaching vehicles,"[1] and that, therefore (a) Gateway "is solely liable to the plaintiff for any damages he may recover as a result of the death of the decedent or (b) third-party defendant (Gateway) is liable to indemnify or to contribute or to be liable over to the third-party plaintiff (Greyhound) for any sums awarded to the plaintiff as damages in this action, liability for such damages being hereby denied." (Parentheses added.)

Gateway appeared specially by its attorneys and moved to dismiss the third-party complaint on the grounds that:

"1. The laws of the State of Indiana, the place where the accident referred to in the Third-Party Complaint occurred, forbid the institution of a third-party action for contribution.

"2. The facts and circumstances of this case as disclosed by the plaintiff's Complaint, the Defendant's Answer, and the Third-Party Complaint, do not constitute a case in which indemnity between the third-party plaintiff, and the third-party defendant is applicable."

Under Indiana law,[2] one of two joint tortfeasors is not entitled to contribution from the other. See Westfield G. & M. Co. v. Noblesville & E. Gravel-Road Co., 1895, 13 Ind.App. 481, 41 N.E. 955; Smith v. Graves, 1915, 59 Ind.App. 55, 108 N.E. 168; and Jackson v. Record, 1937, 211 Ind. 141, 5 N.E.2d 897. For this reason, this third-party action may only be maintained if defendant (third-party plaintiff) is entitled to indemnity from the third-party

---

1. See Chandler v. Kraner, 1947, 117 Ind. App. 538, 73 N.E.2d 490.

2. A federal district court, applying the local substantive law of Pennsylvania, must look to the law of the place of the accident. Builders Supply Company v. McCabe, 1951, 366 Pa. 322, 77 A.2d 368, 24 A.L.R.2d 319; Personal Finance Co. of N. Y. v. General Finance Co., 1938, 133 Pa.Super. 582, 3 A.2d 174; Curtis v. Campbell, 3 Cir., 1935, 76 F. 2d 84.

defendant. See Holbrook v. Nolan, 1937, 105 Ind.App. 75, 10 N.E.2d 744.[3]

■ From the allegations of the third-party complaint, as set out above, it is apparent that the facts set forth therein are not sufficient to give rise to a right of indemnity over against Gateway. Greyhound's allegation that the accident was "solely" the negligence of Gateway is no basis for the court to make any finding of active and passive negligence between the parties,[4] since, if it is correct, the defendant is not even responsible for any passive negligence.

Further, the attention of the third-party plaintiff is called to the rule stated in Builders Supply Co. v. McCabe, 1951, 366 Pa. 322, 328, 77 A.2d 368.[5] Under the principle stated in that case, it appears that Greyhound may well not be entitled to indemnity from those who, in conjunction with it, caused the injury.

### Order

And now, March 8, 1957, it is ordered that the motion of third-party defendant, Gateway Transportation Company, filed November 1, 1956, to dismiss the third-party complaint is granted, with leave to the third-party plaintiff, The Greyhound Corporation, to file an amended third-party complaint in accordance with the foregoing opinion within thirty (30) days of this order.

3. The undersigned has been able to find no case in which idemnity was allowed in Indiana where there was no contractual relationship between two joint tortfeasors.

4. The Indiana law only places on a carrier for hire the duty of exercising reasonable and ordinary care to safely transport its passengers [Swallow Coach Lines v. Cosgrove, 1938, 214 Ind. 532, 15 N.E. 2d 92, 95, and Ninni v. Pennsylvania Greyhound Lines, D.C.E.D.Mich.1951, 97 F.Supp. 357, 359] so that, conceivably, Greyhound could claim indemnity from Gateway if it alleged slight and passive negligence on its part as against primary and active negligence on the part of Gateway. On the other hand, if the accident was caused, as alleged in the third-party complaint, *solely* by Gateway, then there is no basis for any indemnity claim. But. cf. O'Connor v. Alan Wood Steel Company, 150 F.Supp. 435 (opinion of Judge Welsh dated 2/7/57).

5. The court in the Builders Supply case stated as follows in 366 Pa. at page 328, 77 A.2d at page 371:
"* * * the important point to be noted in all the cases is that secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible. In the case of **concurrent** or **joint** tortfeasors, having no legal relation to one another, each of them owing the same duty to the injured party, and involved in an accident in which the injury occurs, there is complete unanimity among the authorities everywhere that no right of indemnity exists on behalf of either against the other; in such a case, there is only a common liability and not a primary and secondary one, even though one may have been very much more negligent than the other. The universal rule is that when two or more contribute by their wrongdoing to the injury of another, the injured party may recover from all of them in a joint action or he may pursue any one of them and recover from him, in which case the latter is not entitled to indemnity from those who with him caused the injury."